## NATHANIEL E. LEONARD *vs.* ISAAC WASHBURN.

If an agent of a foreign insurance company makes an insurance in this Commonwealth without complying with the provisions of the Gen. Sts. c. 58, the insured cannot by reason of such noncompliance recover the amount of the premium which he paid for the policy.

An agent of a life insurance company received the application of a person for insurance therein on his life in a certain sum, and a draft accepted by him for the amount of the premium on such a policy; negotiated the draft; obtained from the company, and delivered to the insured, the policy in the usual form of policies of life insurance, containing a condition that it should be void if the insured should be engaged in running a steam-engine; and then forwarded to the company the proceeds of the draft. But by the general instructions of the company to its agents he had no authority to receive the premium thus, nor until the issue of the policy, nor without giving the company's receipt therefor, signed by its president; which receipt he received from the company with the policy, but never delivered to the insured. Before the agent forwarded to the company the proceeds of the draft, the insured, who sometimes was engaged in running a steam-engine, but did not disclose the fact in applying for the policy, objected to that condition in the policy; and the agent promised to make it "all right." Afterwards the agent procured some modification of the condition; but the insured was not satisfied, and returned the policy to the agent, and demanded a return of his draft, which was refused. *Held*, that, after paying the draft at its maturity to the person to whom the agent negotiated it, the insured could not recover from the agent the amount of such payment.

CONTRACT to recover the amount of a draft for fifty-three dollars and eighty cents, dated January 1, 1867, and payable in sixty days, with interest, drawn by the defendant on the plaintiff, by him accepted and indorsed to the defendant, and by the defendant indorsed to James H. Anthony, to whom the plaintiff paid it. The grounds on which the recovery was sought were, tnat the acceptance of the draft was obtained from the plaintiff by the defendant by fraud and without consideration. Writ dated November 25, 1867. At the trial in the superior court, before *Devens*, J., evidence was offered which tended to show that the facts were as follows:

" On January 4, 1867, the defendant, who had not given the bond required of agents of foreign insurance companies by the Gen. Sts. *c.* 58, § 69, solicited the plaintiff to effect an insurance upon his life in the Mutual Life Insurance Company of New York, a foreign insurance company; and the plaintiff agreed to be so insured, signed an application to the company for that purpose, made no stipulation with the defendant as to any conditions in the policy, except that it was to be for the sum of five thousand dollars, and payable to his wife, informed the defendant that he was agent at a tack manufactory in Dighton, and did not inform him that he was engaged in managing or running a steam-engine, and thereupon also accepted the draft for fifty-three dollars and eighty cents, the amount of the first quarter of the annual premium upon such policy, payable in sixty days with interest. The defendant had no authority, under the general instructions of the company to its agents, to receive the premium in this manner, nor until the policy was issued, and without giving the company's receipt therefor, signed by the president, which receipt was afterwards received by the defendant with the policy, but never delivered to the plaintiff. The defendant negotiated the draft on January 17 to Anthony, to whom it was paid by the plaintiff after its maturity; and, on February 1, the defendant transmitted to the company the amount of the premium, less his commission as agent. The plaintiff received from the defendant by mail, on or about January 20, the policy, dated January 1, issued by the Mutual Life Insurance Company, made in the usual form of life insurance policies, reciting that ' in consideration of the representation made to them in the application therefor, and of the sum of fifty-three dollars and eighty cents to them duly paid,' and for other considerations therein expressed, said company insured the life of the plaintiff in the amount of five thousand dollars; and containing one condition among others, that the policy should be void if the assured should be personally engaged in managing or running a steam-engine, which was a usual condition in such policies. Within a few days after receiving this policy, and before February 1, the plaintiff went to Taunton to see the defend-

ant, and objected to this condition, and offered to give up the policy, but did not demand back the draft or the premium. The defendant said he would make it all right, and obtain from the company permission for the plaintiff to run a steam-engine; and did afterwards obtain from the company permission for the plaintiff ' to act occasionally in working a small steam-engine, but upon express condition that, if he should die in consequence of accident resulting from said occupation, the policy should be null and void.' This permission was offered to the plaintiff, but was not satisfactory to him ; and thereupon, in March, before the draft became due, the plaintiff returned the policy to the defendant and asked him to give up the draft, which he refused to do. The plaintiff in the course of his business was in the habit of running a small steam-engine about three fourths of the time during four months of the year, but he did not run the engine between January 1 and April 1, 1867 ; and had no objection to make to the policy except to this condition in reference to running a steam-engine." It appeared by the pleadings that on April 1, 1867, the policy was forfeited by the neglect of the plaintiff to pay further premiums.

Upon this evidence the judge ruled that the plaintiff could not maintain his action, and directed a verdict for the defendant, which was returned ; and the plaintiff alleged exceptions.

*J. Brown,* ( *C. A. Reed* with him,) for the plaintiff.

*W. H. Fox,* for the defendant.

COLT, J. The evidence fails to support the allegation of fraud on the part of the defendant in obtaining from the plaintiff the payment of the first premium upon the policy of insurance issued by the company for which he was agent. The defendant, in consideration of the acceptance of a draft drawn on the plaintiff for the premium, agreed as agent to obtain a policy on the plaintiff's life in the Mutual Life Insurance Company of New York. It does not appear that any agreement or representation was made in regard to the particular form or conditions of the policy. The usual application was made in writing, and signed by the plaintiff; and the undertaking of the defendant was performed by obtaining a policy in the usual form and with

the usual conditions therein for the amount named, and delivering the same to the plaintiff. There was no misrepresentation or concealment on his part. If there was a failure to comply with the provisions of Gen. Sts. *c.* 58, such failure did not affect the value of the policy issued to the plaintiff. The default of the defendant in this respect, and his neglect to notify the plaintiff of it, if he was under any obligation to do so, were manifestly with no fraudulent design towards the plaintiff.

By the provisions of the statute, no premium or assessment made on any contract of insurance with a citizen of the state shall be recovered by a foreign insurance company which has not complied with the requirements relating to the appointment of agents and returns to the proper department. The contract of insurance is, however, declared to be valid; and the statute in none of its provisions contemplates or authorizes the recovery back from the agent of a premium actually paid for a valid policy.

Nor has there been such a failure of consideration in this case as would entitle the plaintiff to recover. The policy delivered was a valid policy, and continued so, as long as the plaintiff observed the conditions thereof; so that his life was or might have been insured thereby from the first of January to the first of April following, when it was forfeited by nonpayment of premium then due. *Taylor* v. *Lowell*, 3 Mass. 342.

The fact that the defendant exceeded his authority from the company, in receiving and negotiating the draft, or receiving a premium without giving a receipt therefor signed by the president, is a matter to which the plaintiff cannot object, so long as the company recognized and approved his acts by issuing the policy. The case of *Mulrey* v. *Shawmut Insurance Co.* 4 Allen, 116, cited by the plaintiff, was the case of a policy issued by a mutual company, incorporated into which was an express stipulation rendering it invalid in case the cash premium was not actually paid at the office of the company. Here, at most, was only a failure of the defendant to comply with the general instructions of the company, which the case shows to have been **waived** by issuing the policy. *Exceptions overruled.*