[No. 12769.   In Bank. — November 1, 1890.]

JOSHUA HENDY MACHINE WORKS, RESPONDENT, *v.* AMERICAN STEAM BOILER INSURANCE COMPANY, APPELLANT.

INSURANCE — CANCELLATION OF POLICY — RETURN OF PREMIUM — RESCISSION — CONSTRUCTION OF CODE. — Section 2617 of the Civil Code, providing for the amount of premium to be returned to one whose property is insured, where his interest in the property has not been exposed to any of the perils insured against, or where the insurance is made for a definite time, and the insured surrenders his policy, does not confer upon the insured any right to insist upon a cancellation of a policy, without cause, and upon his mere request, and to recover a ratable proportion of

the premium, where the policy gives the insured no such right, and none of the reasons mentioned in sections 2610 and 2619 of the Civil Code exist for a rescission of the contract of insurance, and no ground of rescission appears, under the general provisions of the Civil Code relating to the rescission and cancellation of contracts.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*T. C. Van Ness, Haggin, Van Ness & Dibble,* and *F. V. Bell,* for Appellant.

The right to cancel is reserved to the company only. By the acceptance of the policy, the plaintiff has agreed to this condition; it is the contract between the parties. (*Brown* v. *Massachusetts M. L. Ins. Co.,* 59 N. H. 298; 47 Am. Rep. 205; *Howell* v. *Knickerbocker L. Ins. Co.,* 3 Robt. 232.) Independently of contract, the right does not exist for one party to rescind or cancel the contract without cause shown. (Civ. Code, sec. 1689, subd. 5; May on Insurance, 2d ed., sec. 67, and cases cited in note to that section; *R. t'schild* v. *American Central Ins. Co.,* 11 Ins. Law J. 284.) The condition giving to the company only the right to rescind is valid. (*Etna Ins. Co.* v. *Wesingar,* 14 Ins. Law J., 112; May on Insurance, 2d. ed., sec. 67.) When the contract gives the right to rescind for a failure of performance, the party in fault cannot rescind. (*Hard* v. *Seeley,* 47 Barb. 428; *Beaty* v. *Harkey,* 10 Miss. 563; *De Camp* v. *Feay,* 5 Serg. & R. 323; 9 Am. Dec. 372.) After part performance, a party to an insurance contract, who can secure the full benefit of it by full performance, cannot demand rescission, in the absence of a right reserved in the policy. (*Pierce* v. *Jarnagin,* 57 Miss. 107.) The code determines the cases in which a contract may be rescinded or canceled. (Civ. Code, secs. 1689, 2580, 2610, 2619, 3406–3414.) If peril has existed, and the insurer has been liable for any period, however short, the insured is not entitled to a return of any part of the

premium.  (Civ. Code, sec. 2618; *Schimp* v. *Cedar Rapids Ins. Co.*, 124 Ill. 354.)

*J. N. E. Wilson*, and *James M. Trout*, for Respondent.

The action lies, under section 2617 of the Civil Code. The statute governs the terms of the contract.  (*Mobile F. D. Ins. Co.* v. *Coleman*, 58 Ga. 255.)

Works, J. — This action was brought to cancel a policy of insurance, and to recover $194.46 as the ratable proportion of a premium paid thereon.  Defendant's demurrer, on the ground of insufficiency of the facts stated in the complaint, was overruled, with leave to answer, which it failed to do.  Judgment for plaintiff was thereupon entered, from which the defendant appeals.  The defendant, on June 2, 1887, in consideration of a three-hundred-dollar premium paid by plaintiff, issued to the latter its policy of insurance, duly countersigned by its agents at San Francisco, whereby it insured plaintiff to the amount of twenty thousand dollars, for a period of three years from June 1, 1887, against loss or damage to property, whether owned by plaintiff or not, or for which plaintiff might be liable, in case of loss or damage resulting from the explosion of either or both of two steam-boilers situate on certain premises in San Francisco; and, also, against loss of human life, or injury to person, resulting from the explosion of either or both of said boilers, for which plaintiff might be liable.  Subsequently, on August 22, 1887, and prior to any loss or damage of any kind covered by the policy, plaintiff presented it to the defendant for surrender and cancellation, and requested defendant to accept the surrender of and cancel it.  At the same time, plaintiff demanded the return of such proportion of the premium as corresponded with the unexpired term of the policy after deducting thirty per cent.  The defendant refused to accept the surrender of the policy upon any terms, or to

return any proportion of the premium. Among other provisions in the policy is the following: "This policy shall be canceled at any time at the request of this company, on giving notice to that effect, first deducting thirty per cent for the charges of inspection, and refunding to the assured a ratable proportion of the balance of the premium for the unexpired term of the policy."

The defendant contends that, as this provision reserves the right to cancel the policy to the insurance company only, the plaintiff is not entitled to a cancellation of it, unless such right exists, independently of the contract of insurance, in some one or more of the cases provided for in sections 1689, 2580, 2610, and 2619 of the Civil Code; and that, as the complaint does not present a case within any of those sections, the demurrer thereto should have been sustained. The policy reserves to the insurer the right to cancel the policy under certain conditions and on certain terms, but no such right is given to the insured. Therefore the only question for us to determine is, whether the insured had the right to a cancellation of its policy as a matter of law, independent of any stipulation to that effect in the instrument itself. The code gives the right to rescind or cancel contracts, generally, for certain specified reasons. (Civ. Code, secs. 1689, 2580, 3406, 3414.) And the right is given to rescind contracts of insurance for certain reasons. (Civ. Code, secs. 2610, 2619.) It is not alleged in the complaint that any of the reasons above mentioned existed, but it is contended that section 2617 of the Civil Code gave the respondent the right to have the policy canceled without cause, and upon his mere request. We do not so construe the section referred to. If this is its effect, the other sections of the code above referred to are wholly unnecessary. If an insured has the right to rescind his contract at his pleasure, and without giving any reason therefor, it was hardly necessary for the legislature to provide, specifically, the

grounds upon which such a right might be exercised. The code provides that "an insurer is entitled to payment of the premium as soon as the thing insured is exposed to the peril insured against." (Civ. Code, sec. 2616.) And when the peril insured against has existed, and the insurer has become liable for any period, however short, the insured is not entitled to cancel the policy, or to a return of any part of the premium, unless the right is given by the sections of the code above referred to. (May on Insurance, sec. 67; *Rothschild* v. *Insurance Company*, 11 Ins. Law J. 282.)

Section 2617 does not provide when a policy of insurance may be canceled by the insured, or profess to do so. It relates exclusively to the matter of a return of premium, and provides how much of the premium shall be returned to him. Two cases are mentioned; viz., where his interest in the property has not been exposed to any of the perils insured against, and where the insurance is made for a definite time, and the insured surrenders his policy. In the first case, he is entitled to the return of the whole of his premium, and in the latter, to a certain proportion of it. The section is intended to provide how much of the premium shall be returned to the insured in the two cases mentioned, and nothing more. In any of the cases in which either party may cancel the policy as provided in the other sections of the code, mentioned above, or as stipulated by the policy, this section steps in and protects the rights of the insured by preserving to him either the whole or a part of the premium paid by him, as the case may be.

This view of the effect of these code provisions, or others like them, was taken in the case of *Insurance Co.* v. *Coleman*, 43 N. W. Rep. 693 (Dak.), in which it is said: " But the defendant further claims that he is entitled to a reduction of the amount recoverable, by the terms of the note, by the principles which apply to the return of premiums, claiming that ' risk and premium go hand in

hand, and one ceasing, the other also ceases.' This is not by any means true. If the premium had been paid, and the risk incurred, for any period, no matter how short, no breach of a subsequent condition for which the insured was responsible would entitle him to a return of any of the premium, although the company thereby ceased to be liable. The law relating to the return of premiums is clearly laid down in our Civil Code, sections 1542–1544, and we are not aware that it differs materially from the general law of insurance elsewhere. Section 1542: 'A person insured is entitled to a return of premium as follows: 1. To the whole premium, if no part of his interest in the thing insured be exposed to any of the perils insured against; 2. Where the insurance is made for a definite period of time, and the insured surrenders his policy, to such proportion of the premium as corresponds to the unexpired time, after deducting from the whole premium any claim for loss or damage under the policy which has previously accrued.' Section 1543: 'A person insured is entitled to a return of the premium when the contract is voidable on account of the fraud or misrepresentation of the insured, or on account of facts of the existence of which the insured was ignorant without his fault, or when, by any fault of the insured, other than actual fraud, the insurer never incurred any liability under the policy.' Section 1544: 'If a peril insured against has existed, and the insurer has been liable for any period, however short, the insured is not entitled to return of premiums, so far as that particular risk is concerned.' We cannot see how section 1544, which is particularly referred to by defendant's counsel, in any way sustains his position. The words ' so far as that particular risk is concerned ' do not refer to the time in which the subject is exposed to the peril; but where a premium is applicable to risks on two or more distinct subjects of insurance, and no risk has ever been incurred upon one subject, the proportionate premium may be

recovered.   This is evident, not only from the reading of the previous sections, but from the history of the legislation which led to the adoption in the code states of section 1542.   This section, as originally adopted in California, read: 'A person insured is entitled to a return of premium paid, or a ratable proportion thereof, if no part of his interest in the thing insured is exposed to any of the perils insured against, or, where the insurance is made for a definite period of time, if it is not exposed to such peril for the whole period of that time.'   In proposing as an amendment the language of section 1542, the code examiners said: 'The present section does not conform to the general rule and the law elsewhere, and is manifestly unjust.   Under it, the insured, meeting with a loss in the first month of a policy for a year, could recover, not only the loss, but eleven twelfths of the premium, thus depriving the insurer·of that proportion of the consideration for which he assumed the risk.'   If the defendant had sustained a loss during the first year, the premium for which had been paid in cash, he would have been liable on his note, because the peril had existed, the insurer had been liable, and the event insured against, in consideration of the entire premium, had happened.   This being an insurance for five years, and the risk having attached, the insured is not entitled to any reduction on his note."

The judgment is reversed, with instructions to the court below to sustain the demurrer to the complaint.

Beatty, C. J., Fox, J., Paterson, J., McFarland, J., Thornton, J., and Sharpstein, J., concurred.