ADOLPHIS MAILHOIT

*vs.*

METROPOLITAN LIFE INSURANCE COMPANY.

Androscoggin.    Opinion April 8, 1895.

*Life Insurance. Premium. Agent. Fraud. Rescission. Waiver.*
*R. S., c. 49, § 90; Stat. 1870, c. 156, § 15.*

The liability of an insurance company for a return of premiums is by no means absolute, but depends upon the question whether the policy has ever become a binding contract between the parties.

If it has, and the risk has once commenced, then there can be no apportionment, nor will an action lie for the recovery of the premiums paid.

The application and medical examination are preliminaries for the protection of the company in issuing its policy, and solely for its benefit, and the company may dispense with them entirely if it sees fit so to do.

Where the fraud alleged is that committed by the company's agent in not having the application signed, and representing that it was not necessary that it should be, and that no medical examination was necessary. the policy issued by the company upon the life insured is not absolutely void, but voidable.

In such case, it is not a fraud upon the insured, or a fraud in relation to provisions of the policy that were for his benefit, and of which he could take advantage.

When the company has treated the contract as valid and subsisting, the insured has no legal grounds of complaint.

If a person is induced by false representations to take out a policy of insurance, he can avoid it and recover the premiums paid upon it; but the representations must be material as to him, such as work an injury to him.

And moreover it should be shown in such case that there was a rescission, or that it was unnecessary by reason of the policy being entirely worthless.

AGREED STATEMENT.

In addition to the facts stated in the opinion, the parties also agreed that with said policy there was delivered to the plaintiff a book called "Premium Receipt Book," for recording the weekly premiums paid on said policy, which book contained

among other printed matter, "Extracts from the rules, regulations, &c., of said company," among which was the following :

"Under no circumstances can an application be written upon the life of a husband for the benefit of his wife, or upon a wife for her husband or (a legal insurable interest existing) upon the life of any person for another's benefit (children excepted), unless the life on which the policy is applied for fully understands and consents to the insurance, is examined by a physician of the company if the amount is over two hundred dollars, or by an agent if under that sum, and unless the proposed insured personally signs the examination form on the back of the application after the answers in said application are all recorded, and not otherwise. Any policy obtained in violation of these rules will be null and void. Adult applications must be signed on their face (directly under the warranty) by the applicant personally, and on the back (at the foot of the examination form) by the life proposed for insurance."

It was agreed that the plaintiff first learned the contents of said extracts November 21, 1892, and that the plaintiff will testify, if admissible, that his attention was first called to said extract by a report that said defendant company had refused to pay its policies issued under like circumstances as the policy in this case.

The plaintiff thereupon refused to make further payments of premiums after said November 21, 1892, and demanded of the agent of said defendant company the return of the premiums paid by him on said policy, upon the claim that the said representations of the agent of defendant company, at the time said plaintiff agreed to take said policy, were false ; that he was induced to take said policy upon said representations ; and that by said rules and regulations said policy was void.

It was further agreed that, if admissible, defendant can show that on the twenty-sixth day of December, 1892, said policy was entered on the books of the company at the home office, in New York, as lapsed for the non-payment of premiums.

*F. M. Drew and L. G. Roberts*, for plaintiff.

1. Policy void because it was issued in violation of the rules of the company, which by the application are made a part of the contract of insurance. Every rule of the company, every condition of the contract of insurance is broken. Nothing that the defendant stipulated as necessary to obtain insurance in the company was done. There was not the necessary knowledge and consent of the insured. There was no application for insurance; there was no medical examination.

Counsel cited on this point: *Gould* v. *York Co. Mut. Fire Ins. Co.* 47 Maine, 409; *N. Y. Life Ins. Co.* v. *Fletcher*, 117 U. S. 519; *Ryan* v. *World Mut. Life Ins. Co.* 41 Conn. 168; *Philbrook* v. *N. E. Mut. Fire Ins. Co.* 37 Maine, 137; *Battles* v. *York Co. Mut. Fire Ins. Co.* 41 Maine, 208; *Lovejoy* v. *Augusta Mut. Fire Ins. Co.* 45 Maine, 472; *Richardson* v. *Maine Ins. Co.* 46 Maine, 394; *Day* v. *Charter Oak F. & M. Ins. Co.* 51 Maine, 91; *Lindley* v. *Union Farmers' Mut. Fire Ins. Co.* 65 Maine, 368; *Swett* v. *Citizens' Mut. Relief Society*, 78 Maine, 541; *Edmands* v. *Mut. Safety Fire Ins. Co.* 1 Allen, 311; *Kimball* v. *Etna Ins. Co.* 9 Allen, 540, p. 542; *Brown* v. *Mass. Mut. Life Ins. Co.* 59 N. H. 298.

2. The policy was void by reason of the fraud of defendant's agent. His acts were a fraud on the insured and insurer. All the statements made in the application and medical examination are forgeries and false representations. They go to the essence of the contract. *Clark* v. *N. E. Mut. Fire Ins. Co.* 6 Cush. p. 352.

A policy obtained by misrepresentation is in legal intendment no insurance at all; it has no legal effect. *Clark* v. *N. E. Mut. Fire Ins. Co. supra.*

Fraud will vitiate any, even the most solemn transactions, and any asserted title to property founded upon it is utterly void. *United States* v. *The Amistad*, 15 Peters, 518.

Whether both plaintiff and defendant, or the plaintiff alone was deceived by the fraud of the agent, still the policy is void and the premiums should be returned. *N. Y. Life Ins. Co.* v. *Fletcher*, 117 U. S. 519; *Ryan* v. *World Mut. Ins. Co.* 41 Conn. 168; Bacon on Benefit Societies & Life Insurance, § 428,

p. 640; *Tebbetts* v. *The Hamilton Mut. Ins. Co.* 3 Allen, 569 : *McCoy* v. *Metropolitan Life Ins. Co.* 133 Mass. 82 ; *Kyte* v. *Commercial Union Assurance Co.* 149 Mass. 116 ; *Brown* v. *Mass. Mut. Life Ins. Co.* 59 N. H. 298 ; *Hartwell* v. *Alabama Gold Life Ins. Co.* 33 La. Ann. 1353 ; S. C. 39 Am. Rep. 294.

3. The contract of insurance never took effect for want of a proper application and examination. The condition precedent was entirely wanting. The policy had no foundation to rest upon. The minds of the parties never met in any contract agreement. *Kimball* v. *Etna Ins. Co.* 9 Allen, 540 ; *Goddard* v. *Monitor Ins. Co.* 108 Mass. 56, p. 59 ; *Sanders* v. *Cooper*, 115 N. Y. 279.

Plaintiff not estopped : *Trambly* v. *Ricard*, 130 Mass. 259.

*J. H. Drummond and J. H. Drummond, Jr.*, for defendant.

SITTING : PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, WHITEHOUSE, JJ.

FOSTER, J. The plaintiff seeks to recover the amount paid in premiums on a policy of insurance on the life of his wife.

The case comes before this court upon an agreed statement, and the facts briefly stated are these : On September 6, 1890, plaintiff was induced by defendant's agent to take a policy of insurance on the life of his wife in the defendant company, payable at her death to himself, upon the representations that the wife need not sign any application therefor or know or consent to the same ; that she need not be examined by a physician of the company, and that the company permitted applications to be made in such way and issued policies thereon.

Upon these representations the plaintiff consented to take a policy in the defendant company on the life of his wife without her knowledge or consent. Thereupon the defendant's agent filled out the application and affixed her signature to the same. The plaintiff then paid the agent the advance premium of thirty-one cents. The wife was not examined by a physician of the company, although what purports to be a certificate of medical examination of the wife, signed by a physician of the company,

is attached to the application, the alleged certificate having been filled out and signed by the defendant's physician without any examination or the knowledge or consent of the wife.

September 15, 1890, on this application and examination the company issued its policy for five hundred dollars on the life of the wife, payable to the plaintiff at her death. The wife had no knowledge that an application for insurance on her life had been made until about four weeks afterwards, all the negotiations having been carried on with the plaintiff by defendant's agent. Neither he nor his wife are able to read or write in the English language, and all negotiations were carried on in the French language.

Pursuant to the conditions of the policy, plaintiff continued to pay the weekly premiums of the thirty-one cents thereon (amounting in all to thirty-six dollars and twenty-seven cents,) until November 21, 1892, when he refused to make further payments of premiums, and demanded of the agent of the company a return of the premiums paid by him. upon the ground that the representations of the agent at the time the plaintiff agreed to take the policy were false ; that he was induced to take the policy by these representations, and that he had learned that by the rules and regulations of the company the policy was void.

Upon the foregoing facts the plaintiff claims that the policy was void, and that he is entitled to recover in this action the amount paid in premiums on the policy.

The liability of an insurance company for a return of premiums is by no means absolute, but depends upon the question whether the policy has ever become a binding contract between the parties. If it has, and the risk has once commenced, then there can be no apportionment, nor will an action lie for the recovery of the premiums paid.

This principle is thus laid down by the text writers : " Where the contract has once taken effect, there is ordinarily no rule of law to sustain the recovery back of premiums paid, even though the insurer attempted to declare a forfeiture. On the other hand, where the contract has never taken effect, the premiums may

be recovered back, in accordance with the general rules governing the recovery back of money paid." Cook Life Ins. 193, 194. Bliss Life Ins. § 423. *Leonard* v. *Washburne*, 100 Mass. 251.

Applying these principles to the case at bar, we must ascertain whether this policy had ever become effectual as a contract and the risk had ever commenced. If so this action cannot be maintained.

The application was in the usual form, regular upon its face, and came into the defendant's possession through the regular channels and in the usual course of its business. The fraud relied upon by the plaintiff was the fraud of the defendant's agent, and the company relying upon what purported to be the application of plaintiff's wife for a policy upon her life for the benefit of her husband, issued its policy in accordance with the proposals contained in that application. The plaintiff received a policy which insured the life of his wife for his benefit in the exact terms and under the precise conditions which he applied for, provided the policy was valid and binding upon the company. He makes no complaint that this is not true. But the gist of his complaint is that his policy is not binding upon the company, but is void because of the acts of its agent.

But the fraud which was committed was not a fraud upon the plaintiff. He was in no wise injured or damaged by it. It was a fraud upon the defendant, and nobody but the defendant could be injured or damaged by it.

The fraudulent acts consisted in sending an application and certificate of medical examination, fraudulent in whole or in part, to the defendant, upon which it would act in issuing its policy. The application and medical examination were solely for the purpose of giving the defendant an opportunity to decide whether to issue its policy on the life of the plaintiff's wife or not. All the provisions of the application, policy and rules of the company which were violated by the defendant's agent and physician, were provisions for the sole benefit of the defendant. They were not for the benefit of the plaintiff or his wife. The purpose of these provisions was to satisfy the defendant that it

was safe in issuing the policy. They furnished the information upon which the defendant acted in issuing the policy, and so far as the plaintiff was concerned it mattered not to him whether there was an actual application and medical examination or not, so long as the policy issued was, in its terms and conditions, such as he wanted. There is no pretense that it was not. He complains concerning the fraud committed upon the defendant. If that fraud did not render the policy absolutely void, then he has no cause for complaint.

If the risk commenced to run, the policy was not void.

The application and medical examination being preliminaries for the protection of the defendant in issuing its policy, and solely for its benefit and advantage, could have been entirely dispensed with, if the defendant had seen fit so to do. The defendant could have waived them entirely and issued a policy which would have been valid and binding upon it. *North Berwick Co. N. E. F. & M. Ins. Co.* 52 Maine, 336, 341; *Allen* v. *Vt. Mut. Fire Ins. Co.* 12 Vt. 366.

This case does not present to the court the question of fraud upon the insured or a fraud in relation to provisions of the policy that were for his benefit, and of which he could take advantage; but the sole question is, whether the fraud upon the defendant committed by its own agents, rendered the policy absolutely void, so that no risk was ever assumed under it.

The application in form was regular in every respect, and, so far as the plaintiff was concerned, it stated the exact terms and conditions of the insurance he desired. There is no pretense that the plaintiff's wife was not a proper subject of insurance, nor that, so far as her health was concerned, she was not a good risk, nor that the answers and statements in the application and certificate of medical examination were false and not true in fact.

The insurance was regular in every respect with the exception that there had been no medical examination of the life proposed for insurance, and the application was not signed by her although it purported to be, and the whole transaction took place without her knowledge and consent.

The effect of these acts might render the policy voidable so far as the defendant was concerned, but would not make it absolutely void.

The courts in different jurisdictions have held that policies issued under circumstances similar to these shown to have existed in this case are either valid, or voidable only, but never absolutely void. Bliss Life Ins. §§ 82, 83, 294.

In Massachusetts, the court in recent decisions has held the policy voidable. *Leonard* v. *Washburn*, 100 Mass. 251; *Plympton* v. *Dunn*, 148 Mass. 523.

The Supreme Court of the United States hold such acts to be the acts of the company and bind it. *Ins. Co.* v. *Wilkinson*, 13 Wall. 222; *Ins. Co.* v. *Mahone*, 21 Wall. 152; *Ins. Co.* v. *Baker*, 94 U. S. 610.

In New York, the policy is held to be binding upon the company. *Baker* v. *Ins. Co.* 64 N. Y. 648; *Miller* v. *Phoenix Life Ins. Co.* 107 N. Y. 292; *O'Brien* v. *Home Benefit Soc.* 117 N. Y. 310.

In Connecticut, the policy is held to be voidable. *Ryan* v. *World Mut. Ins. Co.* 41 Conn. 168.

In Ohio, the policy is held to be valid. *Mass. Mutual Life Ins. Co.* v. *Eshelman,* 30 Ohio, 647.

In Iowa, the policy is held valid. *McArthur* v. *Home Life Ass.* 17 Ins. L. J. 129. In this case the agent inserted without the knowledge of the assured false answers in the application, and forged the certificate of medical examination.

In Michigan, the policy is held to be valid and binding on the company. *Brown* v. *Metropolitan Life Ins. Co,* 65 Mich. 306; *Temmink* v. *Same,* 72 Mich. 388.

So in Colorado, *State Ins. Co.* v. *Taylor,* 19 Ins. L. J. 966.

While in different jurisdictions there is a contrariety of opinion as to the effect of the acts of an agent which are a fraud upon the company,—they are held either to have estopped the company from taking advantage of them, or to have rendered the policy voidable only. While the courts in some of the cases have spoken of the policies as "void," it will be found upon examination that the word was used in the sense of voidable only,

as the questions of waiver or affirmance of such acts were discussed. *Atlantic Ins. Co.* v. *Goodall*, 35 N. H. 328, 332. In that case the court say : " But the term void is equivocal. It may import absolutely null, or merely voidable, as it is often used where the contract to which it applies has a capacity to be affirmed, and thus rendered effectual from the first, the affirmance operating as a waiver of the right to avoid."

In some of the cases, the courts have intimated that the premiums might be recovered, but it was upon the ground that the policy was voidable and that the company had avoided it, thus rendering itself liable to an action for the premiums. It was so held in *Conn. Mut. Ins. Co.* v. *Pyle*, 44 Ohio, 19, and in *N. Y. Life Ins. Co.* v. *Fletcher*, 117 U. S. 519. But that question does not arise in this case. It is not claimed that this policy was voidable on account of the fraudulent acts of the agent and had been avoided, either before or since the commencement of this suit, by the defendant upon that ground. The facts stated show that the defendant has always treated this policy as a valid policy, and that it was in fact in force at the time this suit was brought. It was lapsed by the defendant only after the refusal of the plaintiff to pay the premiums in accordance with its terms and conditions, and in fact not till after this suit was commenced. The defendant has never attempted to take advantage of the fraud, but on the contrary has recognized and treated the policy as a valid and existing contract up to and even after suit was brought by the plaintiff to recover the premiums.

Whatever the effect of such fraudulent acts of the agent, as shown in this case, might have upon the policy in other jurisdictions, there can be no doubt that since the act of 1870, c. 156, (incorporated into and a part of R. S., c. 49, § 90) in this state it must be held to be a binding and subsisting contract. That statute provides that " such agents and the agents of all domestic companies shall be regarded as in the place of the company in all respects regarding any insurance effected by them. The company is bound by their knowledge of the risk and of all matters connected therewith. Omissions and misde-

scriptions known to the agent shall be regarded as known by the company and waived by it as if noted in the policy."

In *Farrow* v. *Cochran*, 72 Maine, 309, the action was for the recovery of premiums paid on a life insurance policy, on the ground that the policy was void, because the agent without authority changed the terms of the policy. The policy did not conform to the application and the desires of the insured in reference to the beneficiary. The agent changed its terms so as to conform to his wishes without the knowledge and consent of the company, and the court held that his act was the act of the company, and that the policy was binding upon it.

Notwithstanding the rules and regulations of the company provide that any policy issued upon the life of a wife for the benefit of her husband without her knowledge and consent and examination by the company's physician, and unless she personally signs the application, is null and void, and this is held to be a part of the contract and binding upon the company, it does not render the contract void *ab initio*, but only voidable. Bliss Life Ins. § 260; *Atlantic Ins. Co.* v. *Goodall*, 35 N. H. 328, 332. In this latter case the question turned upon the expression "null and void" in the policy, and the court held that it meant voidable only and that the policy was capable of confirmation.

These rules and regulations were inserted for the benefit of the defendant, and it had the right to waive them and affirm the policy if it saw fit so to do. *Atlantic Ins. Co.* v. *Goodall*, *supra*; *Pierce* v. *The Nashua Fire Ins. Co.* 50 N. H. 297; *North Berwick Co.* v. *N. E. F. & M. Ins. Co.* 52 Maine, 336, 341; *Day* v. *Ins. Co.* 81 Maine, 244.

It is undoubtedly true that if a person is induced by false representations to take out a policy of insurance, he can avoid it and recover the premiums paid upon it. But the representations must be material as to him, such as work an injury to him. In the present case the representations were of facts that were of interest to the defendant alone, and their truth or falsity could be of moment and importance to the defendant only. Assuming they were the inducement upon which the plaintiff relied in entering into the contract, they did not render the

contract absolutely void but only voidable. *United States Co.* v. *Wright,* 33 Ohio, 533.

In the last cited case the agent of the insurance company made false representations to the insured as to the payment of premiums and as to the terms of the policy by which he was induced to take out the policy and pay the premiums. Upon learning the falsity of the representations, he repudiated the contract and commenced suit for the return of the premiums. It was held that he could not recover upon the ground that the contract was absolutely void, but upon the ground that he could rescind. *Penn. Ins. Co.* v. *Crane,* 134 Mass. 56; *Heddin* v. *Griffin,* 136 Mass. 229.

The right of recovery in these cases is based upon the ground that the contract is voidable by the insured and that he has properly rescinded it.

In the present case there has been no rescission, nor facts showing that it was unnecessary by reason of the policy being worthless. *Farrow* v. *Cochran,* 72 Maine, 309; *Cutler* v. *Gilbreth,* 53 Maine, 176.

In any view that can be taken of this case, the policy was not void absolutely.

Nor can the plaintiff recover upon the ground that the policy was voidable and has been rescinded. The defendant has never attempted to take advantage of the fraud to annul the contract. If the defendant had avoided the contract upon this ground instead of treating it as a subsisting contract, it might be that the plaintiff could properly treat the contract as rescinded and be entitled to a return of the premiums paid upon it. The courts have so held,— but no court has held that the premiums could be recovered in a voidable policy simply because it was voidable. This policy at the time the plaintiff attempted to rescind was not void *ab initio* ;— at most it was only voidable, and the risk under it had been assumed by the defendant. It had commenced to run. The life of the plaintiff's wife was insured from the delivery of the policy till it lapsed by reason of non-payment of the premiums, and was in force at the time this suit was instituted, and if it had become due it cannot be

said in law that it would not have been paid. *Plympton* v. *Dunn*, 148 Mass. 523, 527.

It will be noticed that the class of cases cited by the learned counsel for the plaintiff are those where there were misrepresentations made by the insured in obtaining the policy, or a breach of warranty on his part.

In those cases the courts have held that the misrepresentations, whether intentional or otherwise, and the breach of warranties, have rendered the policies void, so that there could be no recovery upon them. In the case at bar the fraud was that of the agent of the defendant, but the defendant has treated the policy as a valid, subsisting contract, and never sought to annul it on the ground of fraud. The plaintiff has never rescinded it, even if it were in his power so to do. The result is that the action can not be maintained.

*Judgment for defendant.*

*F. M. Drew and L. G. Roberts*, for plaintiff.
*J. H. Drummond and J. H. Drummond, Jr.*, for defendant.

