JOSEPH CURRIER *v.* CATHOLIC ORDER OF FORESTERS.

May Term, 1913.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 13, 1913.

*Fraternal Life Insurance—Dropping Member—Recovery of Paid Assessments.*

Where the assessments and dues paid by a member of a fraternal life insurance company were in consideration both of indemnity and of inseparable social privileges and advantages of membership in the order, and he has enjoyed those privileges and advantages, the rule in the case of ordinary insurance that, if the policy never

attaches because of a breach of a condition precedent, premiums paid may be recovered, for failure of consideration, does not apply.

GENERAL ASSUMPSIT, Orleans County Municipal Court, *Frank D. Thompson,* Judge. Heard on an agreed statement of facts. Judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Young & Young* for the defendant.

There is a well defined difference between ordinary life insurance company and a benevolent association with insurance as an incidental feature. *Com.* v. *Equitable Beneficial Association,* 137 Pa. 412; *Peterson* v. *Manhattan Life Ins. Co.,* 244 Ill. 329.

*Frank E. Miles* for the plaintiff.

Plaintiff never was a member of the order, so he never derived any benefit from membership, and defendant incurred no liability; hence there was a total failure of consideration, and plaintiff is entitled to recover the paid assessments. *Metropolitan Life Ins. Co.* v. *Felix,* 73 Ohio St. 46, 4 Am. & Eng. Ann. Cas. 121, and note; *Mailhoit* v. *Metropolitan Life Ins. Co.,* 87 Me. 374, 47 Am. St. Rep. 336; *Parsons, Rich & Co.* v. *Lane,* 97 Minn. 4 L. R. A. (N. S.) 231, 7 Am. & Eng. Ann. Cas. 1144; *McCann* v. *Metropolitan Life Ins. Co.,* 177 Mass. 280, 58 N. E. 1026; *Insurance Co.* v. *Pyle,* 44 Ohio St. 19, 58 Am. Rep. 781; *Marcoux* v. *Society of Beneficence etc.,* 91 Me. 250, 39 Atl. 1027; *Taylor* v. *Grand Lodge,* 96 Minn. 441, 3 L. R. A. (N. S.) 114.

MUNSON, J. The defendant is an Illinois corporation doing business in this State. Its business is characterized in the agreed statement as a "fraternal life insurance business." Its object, as stated in its constitution and laws, is "to promote friendship, unity and true Christian charity among its members." The promotion of unity is to be obtained "in associating together for mutual support of one another when sick or in distress, and in making suitable provisions for widows, orphans and dependents of deceased members." A subordinate court

of the order is to furnish ''social and sick benefits for members,'' and collect dues and assessments for the sick and endowment benefits. During the twelve years in which the plaintiff was recognized as a member, he attended the meetings of the local court, and enjoyed all the privileges, benefits and advantages of a member. Nothing further appears as to the social benefits received, and there is no finding that any sick benefit was received. The case states that the assessments and dues paid by the plaintiff were in consideration of the privileges, benefits and advantages of membership in the order, and that these privileges, benefits and advantages were inseparable.

A person over forty-five years of age was not eligible to membership; and a by-law in force at the time of the plaintiff's admission provided that if it was found that any person admitted as a member was over that age on the day of his initiation he should forfeit all claim to the benefits. The plaintiff was admitted to membership on an application which made his age less than forty-five years. He had never examined the record to ascertain the date of his birth or baptism, and honestly believed, on the information received from his parents, that his age was as given in the application. The defendant had no other information regarding his age, and believed his statement to be true, and relied upon it in admitting him to membership. A matter finally arose which led the plaintiff to make an investigation regarding his age; and in the course of this he found the record of his baptism as kept by the parish priest, from which it appeared that he was over forty-five years of age at the time of his admission. He submitted a certified copy of this to the court of which he had been considered a member, and the high court of the order directed that his name be stricken from the membership roll. He now brings this suit to recover the dues and assessments paid during the time he was treated as a member.

The plaintiff treats the case as presenting the single question, whether a contract ever existed between the parties, and we take up the inquiry as thus stated. If the situation here is the same as that presented by an ordinary case of life or fire insurance, the plaintiff is entitled to recover. The rule applicable in such cases was stated by Lord Mansfield in *Tyrie* v. *Fletcher,* Cowp. 666, as follows: ''Where the risk has not been run, * * * the premium shall be returned; because a policy

of insurance is a contract of indemnity. The underwriter receives a premium for running the risk of indemnifying the insured, and whatever cause it be owing to, if he does not run the risk, the consideration for which the premium or money was put into his hands fails, and therefore he ought to return it." The modern cases are in line with this statement. If the policy never attaches because of a breach of a condition precedent, the insurer assumes no risk and earns no part of the premium, and the moneys paid may be recovered. *Mailhoit v. Metropolitan Life Ins. Co.*, 87 Me. 374, 32 Atl. 989, 47 Am. St. Rep. 336; *Metropolitan Life Ins. Co. v. Felix,* 73 O. St. 46, 75 N. E. 941, 4 Ann. Cas. 121, and n.; *Parsons, Rich & Co. v. Lane,* 97 Minn. 98, 106 N. W. 485, 4 L. R. A. (N. S.) 231, 7 Ann. Cas. 1144.

But the language of these authorities suggests a difference which requires consideration. The undertaking of a fraternal insurance company is not merely a contract of indemnity. The dues received by such an organization cover more than the risks assumed. The purpose of the organization includes two classes of benefits; compensation for individual losses as they may occur, and social advantages immediately available to the entire membership. The sums paid by the plaintiff secured to him at least a present and continuing enjoyment of the social benefits afforded by the meetings of the local branch of the order. There is no specific statement of what these benefits were, and none is needed; for the by-laws require the local court to furnish social benefits for its members, and the case recognizes the privileges, benefits and advantages of membership as the consideration for the plaintiff's payments, and states that these privileges, benefits and advantages were inseparable. It cannot be said that there was an entire failure of the consideration for the payments which the plaintiff seeks to recover.

*Judgment reversed and judgment for defendant.*