Crouch v. Surety Co.

CROUCH *v.* SOUTHERN SURETY COMPANY.

(*Nashville.* December Term, 1914.)

1. **INSURANCE.** Guaranty and indemnity insurance. Recovery of premium. Apportionment.

Where a county trustee gave bond with a surety company as surety for the faithful performance of his duties, and paid a premium of $4,000 in advance, and died after six months, during which time the bulk of the funds passing through his hands were collected and disposed of, his administratrix could not recover back one-half of the premium, since the risk had attached, and neither it nor the premium could be apportioned. (*Post, pp.* 262-265.)

Cases cited and approved: Mut. L. Ins. Co. v. Kelly, 114 Fed., 268; Dickerson v. Ins. Co., 200 Ill., 270; Ins. Co. v. Roberts, 4 Duer. (N. Y.), 141; Waters v. Allen, 5 Hill (N. Y.), 421; Ins. Co. v. Pyle, 44 Ohio St., 19; Hoyt v. Gilman, 8 Mass., 336; Hendy Works v. Ins. Co., 86 Cal., 248; Blaeser v. Ins. Co., 37 Wis., 31.

2. **PLEADING.** Answer. When necessary.

Where the bill seeking a recovery of part of advance premium paid for surety bond on ground of insured's death at expiration of half of period raised questions of estoppel and waiver which the demurrer did not reach, such questions required an answer. (*Post, pp.* 265, 266.)

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County.—JOHN ALLISON, Chancellor.

AUST & McGUGIN and A. G. MOSELEY, for appellant.

THOS. H. MALONE and LARKIN E. CROUCH, for appellee.

MR. JUSTICE GREEN delivered the opinion of the Court.

Peter W. Crouch was elected trustee of Davidson county at the August election in 1912. He was inducted into office in September, 1912, and gave bond in the sum of $1,000,000 to the State and county, to secure the faithful performance of his duties during his term, with the defendant company as surety on his bond. At the same time a contract was entered into between Mr. Crouch and the defendant company, whereby the latter agreed to become his surety for a premium of $4,000 per annum. The first year's premium was paid in advance.

Mr. Crouch died in February, 1913, about six months after he qualified as trustee. This suit was brought by his widow, as administratrix, to recover $2,000, or one-half of the first annual premium paid to defendant company as aforesaid.

A demurrer was interposed by the defendant, which was overruled by the chancellor, and defendant permitted to appeal.

The first ground of demurrer makes the point that, when Mr. Crouch took charge of the office, the entire risk was assumed by the defendant and the entire premium earned under the contract; that the premium was not apportionable, and complainant was not entitled to a return of any part thereof, even though Mr.

Crouch died when about one-half of the year for which he was bonded remained.

The defendant invokes the rule applicable to marine insurance, life insurance, and fire insurance that, where a risk has once attached, even for a moment, the insured is not entitled to a return of any part of the premium paid.

This rule seems to have been first announced by Lord Mansfield, in the case of *Tyree* v. *Fletcher*, 2 Cowp., 666. In that case a ship was insured for twelve months at a stipulated premium, but was captured by an enemy in about two months after sailing, and suit was brought against the insurer for a return of a proportionate part of the premium.

Lord Mansfield said:

"If the risk of the contract of indemnity has once commenced, there shall be no apportionment or return of premium afterwards. For, though the premium is estimated, and the risk depends upon the length and nature of the voyage, yet, if it has commenced, though it only be for twenty-four hours or less, the risk is run; the contract is for the whole entire risk, and no part of the consideration shall be returnable. They might have insured from two months to twelve months, or in any less or greater proportion, if they had thought proper so to do; but the fact is they have made no division of time at all, but the contract entered into is one entire contract from August 19, 1776, to August 19, 1777, which is the same as if it had expressly said: '. . . If you, the un-

derwriter, will insure me for twelve months, I will give you the entire sum; but I will not have any apportionment.' The ship sails, and the underwriter runs the risk for two months. No part of the premium shall be returned."

This case has been universally followed, and the rule therein stated has been applied to life insurance, fire insurance, and casualty insurance contracts. May on Insurance, section 567; Joyce on Insurance, section 1420; *Mut. L. Ins. Co.* v. *Kelly,* 114 Fed., 268, 52 C. C. A., 154; *Dickerson* v. *N. W. Mut. L. Ins. Co.,* 200 Ill., 270, 65 N. E., 694; *N. Y. F. M. Ins. Co.* v. *Roberts,* 4 Duer. (N. Y.), 141; *Waters* v. *Allen,* 5 Hill (N. Y.), 421; *Insurance Co.* v. *Pyle,* 44 Ohio St., 19, 4 N. E., 465, 58 Am. Rep., 781; *Hoyt* v. *Gilman,* 8 Mass., 336; *Joshua Hendy Works* v. *Insurance Co.,* 86 Cal., 248, 24 Pac., 1018, 21 Am. St. Rep., 33; *Blaeser* v. *Milwaukee Mutual Ins. Co.,* 37 Wis., 31, 19 Am. Rep., 747.

This rule, in fact, seems not to have been questioned in any American case, but has been accepted and applied by the courts as settled law.

This rule is said to be based on just and equitable principles, for the insurer has, by taking upon himself the whole peril, become entitled to the whole premium, and, although the application of the rule may result in profit to the insurer, it is but a just compensation for the dangers or perils assumed. It has also been pointed out that the danger incurred may be greater in one moment than during the entire voyage, and it would be extremely difficult to fairly apportion the premium,

if a recovery of any part thereof were permissible. Joyce on Insurance, section 97.

It is difficult to see why this rule should not apply with equal vigor to fidelity insurance. Upon what fair basis can the premium, the consideration paid for undertaking the risk of fidelity, be apportioned?

This hazard is proportioned to the fallibility of the subject of insurance, and its extent is measured by the amount of funds in his custody. Moral stamina is a varying quantity, even in the same person. It is influenced by many things. It is impossible to say at what time the temptation of an individual bonded is greatest and the greatest risk is being run by the surety. Likewise the amount of money in the hands of the official, or the employee, fluctuates from day to day, and it is difficult and often impossible to determine on what day the liability of the surety is greatest in extent.

Who can say how much of the surety's risk was run during any given period? How then can it be determined what part of the premium has been earned during any given period? A premium cannot be apportioned where a risk is unapportionable. Premium and risk are interdependent and inseparable. It being impossible to say what part of a risk has been run, it is likewise impossible to say what part of a premium is unearned—what part should be returned.

The case before us illustrates the difficulty of attempting an apportionment of premiums in fidelity insurance, for it here appears that the great bulk of

the funds passing through this official's hands were collected and disbursed by him on one month of the twelve for which he was bonded. That is to say, this surety's risk was greater in extent for this one month than during the remaining eleven months combined.

An argument is made on behalf of Mrs. Crouch in which it is urged that this contract of suretyship should be treated as a contract for personal services, which it became impossible to execute by reason of the death of one of the parties, and it is insisted that only so much of the consideration should be retained as might be recovered on a *quantum meruit*.

All insurance, fire and life, as well as guaranty, is somewhat personal in its nature, resting to a great extent on the reputation and character of the insured, but all such contracts are essentially entire. It is impossible to say what part of the risk has been run, or how much of the consideration has been earned at any particular time during the period of insurance. Even though, therefore, the completion of such a contract becomes impossible, there is no way to fix the value of the services rendered.

We think, therefore, the chancellor was in error in overruling the first ground of demurrer. It is impossible to apportion such a hazard, and the whole risk having attached, there can be no return of any part of the premium, upon the facts so far stated.

The bill contains other features, which we have not commented upon, with reference to certain dealings between the complainant and the surety company after

the death of Mr. Crouch. In these negotiations it is averred that Mrs. Crouch permitted the defendant to take charge of the trustee's office and obtain certain fees therefrom, after her husband's death, with the understanding that a portion of this premium was to be returned to her. Some questions of estoppel and waiver are made by the bill which the demurrer does not reach. At any rate, the matters so alleged require an answer. The chancellor correctly so held, overruling other grounds of demurrer.

The case will therefore be remanded for answer and further proceedings, and the surety company will pay the costs of this appeal.