## In re PARKER-YOUNG CO.

## SMITH v. AMERICAN SURETY CO. OF NEW YORK.

District Court, D. New Hampshire.

Sept. 6, 1935.

Raymond U. Smith, pro se.

Frank Barber, of Brattleboro, Vt., and George W. Pike, of Lisbon, N. H., for trustee.

Robert Booth (of Wyman, Starr, Booth & Wadleigh), of Manchester, N. H., for the insurance company.

MORRIS, District Judge.

This matter arises upon the petition of Raymond U. Smith, trustee of the Parker-Young Company, debtor, in a proceeding for the reorganization of the corporation under section 77B of the National Bankruptcy Act (11 U.S.C.A. § 207), for the return of a portion of the premium paid the surety company on a bond of Karl D. Scates, prior trustee in the above-entitled matter. The facts are as follows: .

On September 13, 1934, Karl D. Scates was appointed by this court trustee of the Parker-Young Company, debtor, and ordered to file a bond in the sum of $100,-000, which he obtained from the American Surety Company of New York as surety. Said bond was issued as of September 1, 1934, and approved as to tenor, form, and sufficiency of the surety. Mr. Scates, acting as trustee, paid the surety company $1,000 as a premium upon said bond.

October 11, 1934, the petitioner, Raymond U. Smith, was appointed cotrustee with said Scates, and all the property and assets of the Parker-Young Company in the hands and control of the said Scates as trustee was turned over to the cotrustees.

On the 11th day of December, 1934, Mr. Scates was removed as such trustee by order of this court, and the petitioner, Raymond U. Smith, was made sole and permanent trustee, and all the assets and property in the hands of the said cotrustees was turned over to the petitioner. Since his removal Mr. Scates has had no control of the assets in said corporation as trustee or had any part in the management of its affairs.

Mr. Scates was not removed from his office as trustee because of any misconduct in office, but because of conflicting financial interests which the court deemed disqualifying.

After the removal of Mr. Scates as trustee, Raymond U. Smith, as sole trustee, made application to the surety company for a refund of the unearned portion of the premium paid on the above-mentioned bonds. There is nothing in the bond which indicates as to how long it runs, but it has been assumed by counsel in argument that the premium paid was for one year.

Counsel for the surety company set up three defenses to the petition: First, that the premium received by it was fully earned upon the issuance of the bond, and that no portion of said premium is therefore returnable; second, that no accounting has ever been filed by said Scates nor allowed by this court, and that said Scates

remains liable for premiums until he furnishes such surety company with competent written legal evidence of its final discharge from the suretyship in accordance with the express terms of Scates' contract with the company; and, third, that the company should under no circumstances be required to repay any money that it has paid to its agents as commissions.

From the evidence it appears and I find that the surety company paid as a commission to the Woolson & Clough Insurance Agency of Lisbon, N. H., $150, and $100 to Stewart Nelson of Concord, N. H., as a countersigning fee.

Upon the facts found, I hold that the petition for the recovery of a portion of the premium must be denied.

My ruling on the first ground of defense makes it unnecessary to consider the second and third ground.

It is my view that the primary object of a surety bond is to obtain financial protection. The premium demanded by the surety is in the main determined by the size of the bond, i. e., by the extent of the liability assumed. The length of time which the bond is to run is of secondary importance. Liability of the surety becomes absolutely fixed as soon as an application is accepted and the bond delivered. At least the major portion of the premium is then earned, and I know of no ruling of law which permits me to apportion the premium based upon the liability assumed and the duration of the bond. Undoubtedly both enter into the determination of the premium charged to some extent. To apportion it on the mere lapse of time would be leaving out of consideration the essential ground upon which the premium is based and giving effect entirely to secondary grounds. This does not appear to be the law.

A surety bond is subject to the same rule of law as ordinary insurance policies, and the general rule seems to be that if the contract of insurance is indivisible, once the risk attaches, the premium is considered earned. Ætna Indemnity Company v. J. R. Crowe Coal & Mining Co. (C.C.A.) 154 F. 545; Mutual Life Ins. Co. v. Kelly (C.C.A.) 114 F. 268, 280; Crouch v. Southern Surety Co., 131 Tenn. 260, 174 S.W. 1116, 1117, Ann.Cas. 1916C, 1220, L.R.A. 1915D, 966.

In the last-mentioned case the court said, in refusing to order a refund of half the premium paid: "This rule is said to be based on just and equitable principles, for the insurer has, by taking upon himself the whole peril, become entitled to the whole premium, and, although the application of the rule may result in profit to the insurer, it is but a just compensation for the dangers or perils assumed. * * * It would be extremely difficult to fairly apportion the premium, if a recovery of any part thereof were permissible. Joyce on Insurance, § 97."

In the case of Mailhoit v. Insurance Company, 87 Me. 374, 32 A. 989, 990, 47 Am.St.Rep. 336, Foster, J., says: "This principle is thus laid down by the text writers: 'Where the contract has once taken effect, there is ordinarily no rule of law to sustain the recovery back of premiums paid, even though the insurer attempted to declare a forfeiture. On the other hand, where the contract has never taken effect, the premiums may be recovered back, in accordance with the general rules governing the recovery back of money paid.'"

In the instant case, the contract was completed upon delivery of the bond and its approval by the court. The surety became liable in the sum of $100,000. I see no just way of apportioning the premium between the part based upon the liability incurred and the length of time the bond was to run.

The petition for refund is denied, and judgment is to be entered for the surety company.