Rak, Appellant, *v.* Grand Carniolian Slovenian Catholic Union.

Argued May 7, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Francis Taptich,* with him *Clair D. Moss,* for appellant.

*Frank R. Bolte,* for appellee.

OPINION BY BALDRIGE, J., July 19, 1940:

The plaintiff brought an action in assumpsit to recover from the defendant, a fraternal benefit society, the sum of $286.75, with interest, paid in premiums.

The statement of claim alleges that the plaintiff was admitted to membership in the defendant society on or about March 28, 1929, when a Class B beneficiary certificate, a copy of which was attached to and made part of her statement, was issued to her in the amount of $1500; that she continued to pay her dues regularly at the specific rates until June 20, 1938, when she was expelled as she violated Article 19, Section 1, of the by-laws by being divorced from her first husband and then remarrying. She averred further that she was not advised or charged with forfeiture of the dues paid or of the reserve accumulated to her credit, in violation of her rights.

The defendant filed an affidavit of defense in the nature of a demurrer alleging that the plaintiff's statement of claim failed to set forth a good cause of action. Assuming, as we must, that all the well pleaded facts in the plaintiff's statement of claim are true, the action of the court in affirming the questions of law raised by the defendant and entering judgment in its favor must be sustained.

The plaintiff, relying upon an alleged obligation of the defendant to return the premiums paid, or at least to be advised that the dues paid would be forfeited, was required to aver such a promise or duty to give notice. If those matters were covered in the by-laws, reference thereto should have been made. The certificate contained no such promise or obligation. It set forth that the charter and by-laws of the Union, with amendments thereto, shall constitute the agreement. The plaintiff failed to state in substance or attach a copy to her statement, any part of the charter or of a by-law upon which she relied.

The third provision of the certificate reads as follows: "I hereby agree ...... that if at the time of my death I have ceased to be a member in good standing in said Union, either by expulsion or voluntary act on my part or by reason of the fact that I have violated any of the provisions of the Constitution or By-Laws of this Union, or if at the date of my death I am under suspension, that all right to demand to recover any sum on this certificate is waived and that no vested interest shall interfere with such waiver."

There was apparently a good reason for the plaintiff's failure to attach the by-laws to her statement as they give no support to her claim. The defendant, in its affidavit, quotes Article 16, Section 1, Clause B of the by-laws, which states that B certificates "shall not provide for withdrawal values or non-forefeiture options in event members carrying same discontinue payment of mortuary assessments."

The plaintiff had no vested rights in any reserve. Her expulsion, which concededly was not done illegally, deprived her of the right to recover for any premiums paid or for any interest that she might have had in the reserve. Where a member of a mutual benefit society is legally expelled there can be no recovery back of premiums paid prior to such expulsion: 45 C. J. 64,

§51. See, also, Cooley's Briefs on Insurance, Vol. 2, p. 1733, 1738; Couch Cyclopedia of Insurance Law, Vol. 3, §709; *Currier v. Catholic Order of Foresters*, 87 Vt. 83, 88 A. 525.

The Act of May 20, 1921, P. L. 916, §23b, as amended April 26, 1929, P. L. 796, §5, 40 PS §1037, provides: "Nothing herein contained shall prevent the maintenance of such surplus, over and above the credits on the accumulation basis and the reserves on the tabular basis, as any society may provide by or pursuant to its laws, nor be construed as giving to the individual member any right or claim to any such reserve or credit, other than in manner and as expressed in its constitution and laws." That provision was reenacted in the Act of July 17, 1935, P. L. 1092, §30, 40 PS §1080 pp.

The appellant cites *American Life Insurance Co. v. McAden*, 109 Pa. 399, 1 A. 256, and *Gaskill v. Pittsburgh Life & Trust Company*, 261 Pa. 546, 104 A. 775, where the policies were illegally cancelled and revoked by the insurer. In the instant case there exists the important distinction that there was no contention that the plaintiff was wrongfully expelled. In *Titlow v. Reliance Life Insurance Company*, 246 Pa. 503, 92 A. 747, the policy contained no provisions for the lapsing of the policy as a consequence of a default in the payment of the premiums.

Those cases afford no support to the appellant's contention that she is entitled to recover in this action under the separate provisions in her certificate. Her statement of claim failing to aver a promise of the defendant to refund the premiums or other facts indicating any illegal action on the part of the defendant, she cannot recover.

Judgment is affirmed.