## JONES v. ST. PAUL FIRE & MARINE INS. CO.

### No. 9579.

Circuit Court of Appeals, Fifth Circuit.

March 7, 1941.

Rehearing Denied April 4, 1941.

McCORD, Circuit Judge, dissenting.

———◆———

See, also, 108 F.2d 123.

Austin Y. Bryan, Jr., of Houston, Tex., and Dan MacDougald, of Atlanta, Ga., for appellant.

W. L. Kemper, of Houston, Tex., and L. E. Elliott, of Dallas, Tex., for appellee.

Before FOSTER, HOLMES, and Mc-CORD, Circuit Judges.

FOSTER, Circuit Judge.

This case may be somewhat briefly stated. Homer Jones, operating a cotton warehouse under the name of Farmers & Merchants Warehouse Company, brought suit to reform a contract of fire insurance, issued to him by St. Paul Fire & Marine Insurance Company, and to recover for destruction by fire of cotton covered by the policy.

The insurer defended on the grounds (1) that there was no meeting of the minds and no contract resulted; (2) that the insurer had breached two promissory warranties. In the District Court the insurer moved for judgment on the first ground and offered to return the premium but did not deposit the amount in court. This was not accepted and the case was tried on all the issues.

The District Court found in favor of Jones on all the issues and rendered judgment in his favor. On appeal we held the promissory warranties had been breached but did not pass on the contention that there was no contract. The judgment was reversed and the case remanded. 5 Cir., 98 F.2d 448.

After the mandate went down Jones filed an amendment to his bill and moved for judgment, requiring the return of the premium, amounting to $1,060.69, relying upon the following clauses in the policy: "This policy shall be canceled at any time at the request of the insured; or by the Company by giving five days' notice of such cancellation. If this policy shall be canceled as hereinbefore provided, or become void or cease, the premiums having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this Company retaining the customary short rate, except that when this Policy is canceled by this Company by giving notice it shall retain only the Pro Rata premium."

The District Court held that, since we did not pass upon whether there was an agreement ab initio, his overruling of that defense must stand; that it was too late to accept the tender; that the clause relied

upon had no application; and that the breach of warranty did not prevent the policy from taking effect. Judgment was rendered in favor of the insurer with costs.

■■ We agree with the conclusions of the District Court. The policy was not cancelled, had not ceased or become void. It matured by the fire and was voidable for breach warranties. These warranties were conditions subsequent and did not prevent the policy taking effect immediately upon its execution and delivery. Of course, if there is no contract, or for other reasons the risk was not covered, there would be no consideration for the premium and it must be returned. On the other hand, we consider that, while there are decisions apparently in conflict, the weight of authority supports the general rule, that the insurance granted is consideration for the entire premium received if the risk has attached by reason of the contract becoming binding on the Insurer. Vance, Insurance, Chap. 6, sec. 92, p. 318; Couch, Cyclopedia of Insurance Law, Vol. 3, secs. 709, 721, pp. 2353, 2375; Tyrie v. Fletcher, 2 Cowper 666; 98 Eng. Reps. 1297; Joshua Hendy Mach.-Works v. American Steam-Boiler Ins. Co., 86 Cal. 248, 24 P. 1018, 21 Am.St. Rep. 33; Mailhoit v. Metropolitan Life Ins. Co., 87 Me. 374, 32 A. 989, 47 Am.St. Rep. 336; Pearlstine v. Westchester Fire Ins. Co., 70 S.C. 75, 49 S.E. 4. The risk attached in this case with the delivery of the policy and the insurer was bound.

The judgment is affirmed.

McCORD, Circuit Judge (dissenting).

At no time prior or subsequent to the issuance of the policy of insurance did the appellant keep the records required by the record warranty clause of the policy, and it was held by this court that the breach of the warranty precluded recovery under the policy. St. Paul Fire & Marine Ins. Co. v. Jones, 5 Cir., 98 F.2d 448. The insurer could have defeated any claim made under the policy by the assured. I think that since the record warranty was breached from the very beginning, without design or fraud on the part of the insured, that no risk at any time attached under the policy, that no premium was earned by the insurer, and that the appellant was entitled to a refund of the premium paid. Couch Cyclopedia of Insurance Law, §§ 708, 709, 710, 721; Cf. Trice v. Georgia Home Ins. Co., Tex.Civ.App., 81 S.W.2d 1055; Jones v. Insurance Company of North America, 90 Tenn. 604, 18 S.W. 260, 25 Am.St.Rep. 706.

I respectfully dissent.