EVELINA BRACHER, Respondent, *v.* THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.

LIFE INSURANCE POLICY — DEDUCTION OF SEMI-ANNUAL PREMIUM FROM AMOUNT DUE.    Where a life insurance policy, the premium of which was made payable semi-annually, contained the condition, which in terms was made part of the contract of insurance, that "Although the contract is based on the receipt of premiums annually in advance, the premium may be made payable in semi-annual or quarterly installments in advance, but in such case any future installments which at the maturity of the contract are necessary to complete the full year's premium shall be deducted from the amount of the claim," and the insured died during the first half of a policy year, the semi-annual premium for that period having been paid, the insurance company is entitled to deduct from the policy the semi-annual premium for the second half of the insurance year.

*Bracher* v. *Equitable Life Assur. Society*, 103 App. Div. 269, reversed.

(Argued May 23, 1906; decided October 2, 1906.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 15, 1905, reversing a judgment in favor of defendant entered

upon a decision of the court at a Trial Term without a jury and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

· *Charles W. Pierson* and *William C. Diamond* for appellant. The decision appealed from gives no effect whatever to the provision of the contract relied upon by defendant, and thus violates the fundamental rule of construction that effect must be given, if possible, to every clause and word of the contract. (*Savage* v. *Howard Ins. Co.*, 52 N. Y. 502; *Springfield F. & M. Ins. Co.* v. *Allen*, 43 N. Y. 389; *Kratzenstein* v. *Western Assurance Co.*, 116 N. Y. 54; *Douglas* v. *K. L. Ins. Co.*, 83 N. Y. 492.) The provisions of the contract are clear, unmistakable and unambiguous and entitle the defendant to make the deduction in question. (*Miller* v. *H. & S. J. R. R. Co.*, 90 N. Y. 430; *Kratzenstein* v. *W. A. Co.*, 116 N. Y. 54.)

*Raphael J. Moses* and *James A. Hudson* for respondent. The policy under consideration is a six months' period insurance contract, renewable in six months' periods at the option of the insured by the payment of $383.90 on or before the day of the expiration of a six months' period. (*Schoonmaker* v. *Hoyt*, 148 N. Y. 425.) That part of the policy under which defendant claims the right to withhold payment of the $383.90 of the $10,000 promised to be paid, is language of uncertain meaning. (*Jannek* v. *M. L. Ins. Co.*, 162 N. Y. 574; *Marshall* v. *C. T. Assn.*, 170 N. Y. 434.) The policy contains, on its face, a plain, clear, direct and explicit promise to pay $10,000, and there are no subsequent clauses or paragraphs in the instrument, or annexed to it, that are so clear and free from ambiguity of language or doubt of application as to fairly warrant an inference that the insurer had reason to suppose that the assured understood that the promise to pay $10,000 was in any way affected thereby. (*Wordsworth* v. *J. & T. Co.*, 132 N. Y. 540; *Allen* v. *S. L. Ins. Co.*, 85 N. Y. 473; *Dilleber* v. *H. L.*

*Ins. Co.*, 69 N. Y. 256; *Fowker* v. *M. L. Ins. Co.*, 3 B. & S. 917; *People* v. *Mer. Credit*, 166 N. Y. 416.)

CULLEN, Ch. J.    This appeal presents the single question of the construction of the condition of an insurance policy by which the defendant, in consideration of a payment in advance of $383.90, and of a payment of the same sum on or before the 9th day of February and August in every year thereafter during the life of the insured, agreed to pay upon the death of the insured to the plaintiff the sum of $10,000. The third condition of the policy, which in terms was made part of the contract of insurance, provides: " Although the contract is based on the receipt of premiums annually in advance, the premium may be made payable in semi-annual or quarterly installments in advance, but in such case any future installments which at the maturity of the contract are necessary to complete the full year's premium shall be deducted from the amount of the claim."    The insured died on November 16th, 1902, and the controversy is over the premium which, had the insured lived, would have become payable on February 9th, 1903.    The defendant claimed the right, under the condition above quoted, to deduct this from the policy, the deceased having died in the first half of the policy year.    The trial judge decided the controversy in favor of the defendant, and the judgment entered on his decision has been reversed by the Appellate Division by a divided court.

We are of opinion that the view taken by the trial judge was correct.    The decision of the Appellate Division gives no effect to the condition of the policy above recited.    This is conceded by the learned judge who wrote for the majority of the court, who held that the condition had no application to this policy, which instead of providing for an annual premium provided for semi-annual premiums.    He further thought that the condition was inconsistent with the absolute obligation on the face of the policy to pay the sum of $10,000. We entertain a different view and think that the condition is

particularly applicable to policies of the character of the one before us. There is the express declaration that the contract is based on the receipt of the premiums annually in advance, and this is followed by the statement, not that annual premiums are payable in semi-annual or quarterly installments in advance, but that the premium "may be made payable" in such manner. In this policy the premium has been made payable semi-annually, and this fact brings it exactly within the conditions. If, in truth, the policy was issued on the basis of an annual premium, as is declared, then the propriety of the deduction of subsequently accruing installments during the policy year is apparent. Had the premiums been made payable annually the defendant would have received in advance the same sum it now seeks to deduct. If, for the convenience of the policyholder or to suit his means, he is allowed to make the payments semi-annually or quarterly there is no reason why the defendant should be at a greater pecuniary loss than if the payment had been made annually. It is not at all a question of interest on the deferred payments, which would be trifling, but of the right of the defendant to receive the principal of those payments. Nor is there any necessary inconsistency between the promise to pay the $10,000 and the right to deduct the unpaid premium of the policy year. Had the deceased died in the second half of the policy year no deduction would be made, for then the whole annual premium would have been paid. We think no other conclusion can be reached unless we discard the express statement that the policy is based on an annual premium, a statement supported by other provisions in the policy which give the exact value of the policy for cash, for loans and for paid-up life policies at the end of each year.

The order of the Appellate Division should be reversed and the judgment of the Trial Term affirmed, with costs in both courts.

GRAY, EDWARD T. BARTLETT, VANN and HISCOCK, JJ., concur; HAIGHT and WERNER, JJ., dissent.

Order reversed, etc.