SIL-TURN CO., INC., Plaintiff, *v.* LONDON GUARANTY & ACCIDENT Co., LTD., Defendant.*

City Court of New York, New York County, February 9, 1934.

*Weisman, Allan & Spett* [*Isidor Miller* of counsel], for the plaintiff.

*William E. Lowther* [*Walter J. Rosston* of counsel], for the defendant.

RYAN, J. Action by plaintiff to recover return of a portion of insurance premium on a policy of credit insurance issued to the plaintiff's assignor, dated August 15, 1931, whereby defendant insured plaintiff's assignor against loss due to insolvency of debtors of plaintiff's assignor, should such insolvency occur within the term commencing August 1, 1931, and ending July 31, 1932, to an amount not exceeding $32,475; said sum to become payable upon a loss resulting from the *bona fide* sales of clothing by plaintiff's assignor and shipped during said term and delivered in the usual course of business. The premium paid was $1,818.24. Plaintiff's assignor became insolvent on December 16, 1931.

Paragraph 11 of the policy provides, among other things, that " if, during the term of this policy, the insured shall become insol-

* Affd., Appellate Term, First Department, May 25, 1934; N. Y. L. J. May 26, 1934; affd., 242 App. Div. 829.

vent as defined in any one or more of the subdivisions of condition 3 of this policy * * * then this policy shall immediately terminate."

There is no provision in the policy to authorize a proration of the premium in the event of the termination of the policy prior to its stated term. Nor can we find any sanction in the statutes of this State to warrant the relief sought by the plaintiff under a policy of credit insurance, as will be found applicable to a policy of fire insurance. (Insurance Law, § 122.) Couch on Insurance (Vol. 3, § 709) states the law to be: " In the absence of statutory or contract provision to the contrary, if a legal risk has once attached or commenced, there can be no apportionment or return afterward of the premium, so far as that particular risk is concerned. And diminution in its duration has no effect to decrease the amount stipulated as the premium or price for renewing the risk, for it is sufficient to preclude a return that the insurer has been liable for any period, however short. This rule is based upon just and equitable principles, for the insurer has, by taking upon himself the peril, become entitled to the premium, and, although the rule may result in profit to the insurer, it is but a just compensation for the dangers or perils assumed; besides, the danger incurred may be greater in any one moment than during the entire remaining period of insurance, and it would be extremely difficult, at the least, fairly to apportion the premium." The premium on said policy was based on the term for which the risk was written, and it seems to me from the explicit language of the contract that no adjustment of the premium was contemplated.

The company stood ready to pay the whole amount of the risk at any time during the term of the policy and on that basis the amount of the premium was calculated. The fact that the policy was terminated about four and one-half months before the expiration date by virtue of the insolvency of the insured is no cause to warrant a proration of the premium in the absence of any provision in the policy or statute to the contrary.

Verdict directed in favor of the defendant. Exception to the plaintiff.