## FLEETWOOD ACRES, Inc. v. FEDERAL HOUSING ADMINISTRATION et al.

### No. 84, Docket 21117.

United States Court of Appeals
Second Circuit.
Dec. 29, 1948.

Shanley & McKegney, of New York City, (Walter·E. Kelley, of New York City, of counsel), for plaintiff-appellant.

John F. X. McGohey, U. S. Atty., of New York City (Edmond McCarthy, of New York City, of counsel), for defendant-appellee.

Before L. HAND, Chief Judge, and CHASE and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The plaintiff contends that, in effect, he has paid an insurance premium twice for the period from November 1, 1945 to May 31, 1946, i. e., that he paid a year's premium in advance on June 1, 1945, and that, on November 1, 1945, he paid the "adjusted" premium in settlement of all premiums for the period after the mortgage debt was paid.

■ There seems to be no dispute that, under the statute, defendant was authorized to collect an "adjusted" premium and that the Regulation providing for the adjusted premium was a proper exercise of the Administrator's discretion. The right of the defendant to keep the full premium paid in advance on June 1, 1945, for the year June 1, 1945 to May 31, 1946, is not so plain. That premium was not entirely earned, and plaintiff persuasively argues that fairness requires that defendant should not keep this unearned premium as well as the adjusted premium.[1] But, as plaintiff apparently concedes, the ordinary rule is that an insured may not have any part of his premium returned once the risk attaches, even if it eventually turns out that the premium was in part unearned, unless there is an agreement to that effect. Sil-Turn Co. v. London Guararanty & Accident Co., Ltd., 153 Misc. 805, 276 N.Y.S. 412, affirmed 242 App.Div. 829, 275 N.Y.S. 980; Jones v. St. Paul Fire & Marine Insurance Co., 5 Cir., 118 F.2d 237.

■ Plaintiff attempts to make out an agreement by construing the word "adjusted," used in describing the final settlement premium, to mean that a pro rata calculation of earned premium should be made as of the time of prepayment. We think there is no such special significance intended by the use of that word. The premium is "adjusted," in that the Ad-

ministrator accepts a lower premium than he might have received if the mortgage debt had not been prepaid, but we cannot find in that word any Congressional direction that unearned premium should be refunded. As there was no issue of fact involving a determination of credibility, summary judgment was proper.

Affirmed.

---

[1] Public Law 901, 80th Cong., 2d Sess., approved August 10, 1948, 12 U.S.C.A. § 1701 et seq., made provision specifically for the type of refund plaintiff is here seeking, and on August 26, 1948, the Administrative Rules and Regulations under the National Housing Act, Art. III, § 3, were amended to provide that, in case of prepayment of a mortgage debt "on or after August 10, 1948, the Commissioner will refund to the mortgagee for the account of the mortgagor an amount equal to the pro-rata portion of the current annual mortgage insurance premium theretofore paid, which is applicable to the portion of the year subsequent to such repayment." These recent amendments, however, are inapplicable to this case.