Evariste G. Lavigne, J.
This is a motion brought by plaintiff, Lilian M. Krouner, as administratrix of the estate of Louis G. Krouner, deceased, for an order striking out the answer of the defendant and directing the entry of summary judgment for plaintiff on the cause of action set forth in the complaint. This action is based upon the theory of money had and received. It appears on July 1,1962 defendant issued to Louis G. Krouner a nonparticipating life insurance policy covering his life, and for a fixed value of $5,000. In this policy, Lilian M. Krouner, wife of the assured was listed as beneficiary. The premium on this policy amounted to $240 annually, and was paid on a semiannual basis in advance on the 1st day of January and the 1st day of July in each year the policy was in force. The semiannual premium payment of $120 due on July 1, 1965 was paid by the insured by a check dated July 6, 1965. The assured died on August 14, 1965, and thereafter defendant paid the face amount of said policy to Lilian M. Krouner, the beneficiary named therein.
In this action, plaintiff seeks to recover of the defendant insurance company the sum of $100 on the theory that said amount constitutes the unearned portion of the premium that was paid by decedent on July 6, 1965, and represents five sixths of such semiannual premium.
In Schank v. Schuchman (212 N. Y. 352, 358) the court stated: “ The action for money had and received is based, however, *895 upon equitable principles. The plaintiffs must show that it is against good conscience for the defendant to keep the money.” An action for money had and received is in the nature a suit in equity, and it is governed by broad conscience of equity and justice. (Unger v. Travel Arrangements, 25 A D 2d 40, 45; see, also, Jenad, Inc. v. Village of Scarsdale, 35 Misc 2d 450.) It seems to the court that the only theory upon which the defendant could argue for a construction of the policy which would permit it to retain the entire six months’ premium, is that the full premium payment in advance is the consideration for keeping the policy in force until death occurs, or until the next premium payment is due. In other words, the payment of one half the annual premium was the consideration for the assumption by the company of the risk of death at any time during the following six months, whether it occurred on the day following the premium payment or on the last day of the six-month period.
Such a construction was upheld because of a specific policy provision in Bracher v. Equitable Life Assur. Soc. (186 N. Y. 62, 64), and the consideration for the renewal of the policy for another year was the payment of the full annual premium in advance. The following provision of the policy made this crystal clear: ‘ Although the contract is based on a receipt of premiums annually in advance, the premium may be made payable in semi-annual or quarterly installments in advance, but in such case any future installments which at the maturity of the contract are necessary to complete the full year’s premium, shall be deducted from the amount of the claim.” Because of that provision, the company was entitled to deduct from the amount of the claim the semiannual premium for the second half of the policy year, even though the assured died during the first six months of the policy year, and the premium had been paid for the latter period.
No such provision appears in the policy in question in this case. In fact, this policy is ambiguous as to the relation between premium payments and periods of renewal. It provides: “This policy is issued for a term of one year subject to payment of premiums as herein provided, but may be renewed for additional periods in accordance with its terms.” This would seem to indicate that the renewal period was for a full year, subject to the payment of the full annual premium, whether it was paid in installments or in a lump sum. This suggests a result similar to the Bracher case, but defendant does not here seek such a result.
*896 The policy further provides under the heading, “ Premiums “ All premiums are paid in advance by the assured * * * on or before each premium due date. The payment of any premium shall not maintain the policy in force beyond the due date of the next premium, except to the extent hereinafter provided.” There is a further provision in said policy that “ A grace period of thirty-one (31) days will be granted for the payment of every premium due after the initial premium, during which time this payment shall remain in force * * * If the insured’s death occurs within a grace period, a portion of any unpaid premium covering such grace period shall be deducted in determining the death claim proceeds.” This language flies into face of the argument of defendant that once a premium payment is made, the company is entitled to retain it, whether the insured dies on the day following the period of payment or on the last day of the period for which the premium payment keeps the policy in force. By this language the defendant itself is construing the policy to mean that upon the death of the insured, there should be a monthly proration of the last premium payment. To be consistent with the construction placed on the language of this policy by the defendant on this motion, the policy should have provided that in the event of death during the grace period, the company would deduct the first semiannual premium payment from the benefits payable under the policy. The provision for the deducting of only one sixth of the premium where death occurs during the grace period is the only evidence of the actual construction of the policy by the defendant. A construction which would permit the retention of the full semiannual premium, even though death occurred during the first month after the premium was paid, would certainly be inconsistent with the language of the policy as stated herein. Since no specific provision was made in the policy permitting the retention of such premiums, and in the light of the grace period provision, this court feels compelled to grant the motion of plaintiff.
It is difficult for this court to condone the practice on the part of the defendant in the drawing of this life insurance contract, and in providing for a division of a premium payment into monthly parts, to the end that said company would be protected from any monetary loss, and yet leave the interests of the assured unprotected to the extent of that portion of the premium to which defendant makes no claim in said policy.
It is the court’s belief that justice, equity and good judgment dictate that plaintiff should not be deprived of the unearned *897 portion of the premium paid on this policy by plaintiff’s intestate, on the 6th day of July, 1965.
The motion of the plaintiff is granted, the answer of the defendant is stricken, and summary judgment granted plaintiff, together with costs.