EUCLID NATIONAL BANK, Plaintiff-Appellant,

v.

The FEDERAL HOME LOAN BANK BOARD and the Federal Savings and Loan Insurance Corporation, Defendants-Appellees.

No. 17831.

United States Court of Appeals Sixth Circuit.

May 7, 1968.

Certiorari Denied Oct. 14, 1968.

See 89 S.Ct. 130.

Maxwell J. Gruber, Cleveland, Ohio, for plaintiff-appellant, R. Dugald Pearson, Zellmer & Gruber, Cleveland, Ohio, on the brief.

Daniel J. Goldberg, Atty., Federal Home Loan Bank Bd. etc., Washington, D. C., for defendants-appellees, Kenneth E. Scott, Gen. Counsel, Max Wilfand, Assoc. Gen. Counsel, Washington, D. C., on the brief.

Before O'SULLIVAN, McCREE and COMBS, Circuit Judges.

## ORDER

This is an appeal by the Euclid National Bank, formerly Euclid Savings Association, from a judgment of the District Court which holds that the bank is not entitled to recover certain insurance premiums paid to the Federal Savings and Loan Insurance Corporation.

The Euclid Savings Association was converted from an Ohio chartered building and loan association to the Euclid National Bank on February 1, 1966. During its life as a building and loan association its savings accounts were insured by the appellee Federal Savings and Loan Insurance Corporation under the provisions of the National Housing Act, 12 U.S.C. § 1727. When it became a national bank its deposits were insured by the Federal Deposit Insurance Corporation.

Under the terms of the National Housing Act the Euclid Savings Association became obligated on November 21, 1965, to pay an annual premium in advance to the Federal Savings and Loan Insurance Corporation. One-half of the premium was paid in November, 1965, and the other one-half was deferred to April, 1966, and then paid pursuant to demand. The bank contends that the portion of the premium covering the period beyond February 1, 1966, when it became a national bank, is unearned and should be returned to it.

The trial judge held in a well reasoned memorandum opinion, D.C., 286 F.Supp. 125, that there is no federal statute or agency regulation applicable to this situation and, in the absence of an express agreement or one that may be implied in law, the rule is that "an insured may not have any part of his premium returned once the risk attaches, even if it eventually turns out that the premium was in part unearned." Citing Fleetwood Acres v. Federal Housing Administration, 171 F.2d 440, 442 (2nd Cir. 1948).

For the reasons stated in the District Judge's memorandum opinion, the judgment is affirmed.