**NORTH NEW YORK SAVINGS BANK, Plaintiff,**

v.

**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, Defendant.**

**Civ. A. No. 1376-73.**

United States District Court, District of Columbia.

Feb. 7, 1974.

Anthony J. McMahon, Philadelphia, Pa., for plaintiff.

Daniel J. Goldberg, Lawrence W. Hayes, Loren J. Friesen, Washington, D. C., for defendant.

CHARLES R. RICHEY, District Judge.

## I. BACKGROUND

This action is before the Court on Motion for Summary Judgment submitted by both parties. There are two questions presented: first, is the Plaintiff entitled to receive interest on its share of the Secondary Reserve for 1971; and second, is the Plaintiff entitled to a credit for the "unearned" portion of its insurance premium paid to Defendant.

The Plaintiff in this case was, until October 1, 1971, insured by the Defend-

ant, The Federal Savings and Loan Insurance Corporation (FSLIC). The Plaintiff had, over the years, made the required payments into the FSLIC Secondary Reserve and when the Plaintiff's relationship with the FSLIC terminated in October, 1971, the FSLIC refunded to the Plaintiff its pro rata share of this Reserve as required by Section 404 of the National Housing Act, as amended, at 12 U.S.C. § 1727(f). Although Plaintiff received the interest earned on its share in prior years, it received no interest on its share for 1971, despite the fact that the Plaintiff's pro rata share was held by the FSLIC until December 13, 1971.

The Plaintiff's relationship with FSLIC ceased because the Plaintiff had reorganized as a mutual savings bank and on October 1, 1971 became insured with the FDIC (Federal Deposit Insurance Corporation). Because at this time the Plaintiff was paid up on its annual insurance premium to the Defendant FSLIC through May, 1972 there was a period of some seven months during which time Plaintiff had in effect paid for insurance to two different government insurance agencies.

For the reasons set forth below, the Court finds that the Plaintiff is entitled to receive interest on its share of the Secondary Reserve for 1971 but is not entitled to any credit for the "unearned" portion of its insurance premium paid Defendant.

II. *Plaintiff's Claim for Interest On Its Pro Rata Share of the Secondary Reserve Should Be Granted Absent a Specific Provision or Evidence of Congressional Intent to the Contrary.*

█ This issue involves a question of Congressional intent; in that neither party has cited any cases on the precise point, the Court must determine what is a reasonable interpretation of the statutory language involved. Congress specifically provided in Section 404(e) of the National Housing Act, as amended, 12 U.S.C. § 1727(e), that monies placed in the Secondary Reserve were to earn interest. It is further stated at 12 U.S.C. § 1727(f) that when an institution terminates its relationship with the FSLIC, as the Plaintiff did, that it shall receive back, in cash, its pro rata share of the Secondary Reserve. That this pro rata share is to include the interest earned is not disputed by the Defendant. The Defendant would, however, deny the Plaintiff any interest on its share for 1971 because the Plaintiff withdrew from the FSLIC before the end of the calendar year. The Court finds nothing in the statutory language or legislative history to support such a denial. (*See,* Sen.Rept. 778 at 1961 U.S.Code Cong. & Admin.News, p. 2611). The section on which Defendant relies to support its denial of interest, section 1727(e), addresses the procedure to be followed in computing the annual interest and crediting it to the Secondary Reserve. It is silent on the question of interest in the event an insured withdraws before the end of the calendar year; Section 1727(e) is not directed at procedures for withdrawal of members' pro rata shares. This subject is dealt with in the next section, section 1727(f), and here it is simply stated that the FSLIC shall pay institutions such as Plaintiff their "pro rata share of the Secondary Reserve" and no restrictions are placed on this entitlement to the pro rata share. In spite of the fact that Defendant claims its long-standing administrative practice to have been to deny interest in situations in which an institution withdraws before the end of the year, there is no statement of or reference to such a restriction in the regulations adopted by Defendant and published at 12 CFR 563:16–2. Sections 551 and 552 of the Administrative Procedure Act (5 U.S.C. §§ 551, 552), would appear to require publication of such an administrative interpretation.

Although the Court finds that section 1727(f) rather than section 1727(e) to

be the section most directly governing the receipt of interest by individual institutions, if the Court were to read section 1727(e) as governing receipt of interest by individual institutions, it would still have to conclude that the Plaintiff is entitled to interest for 1971 because the Plaintiff's share was held by the FSLIC through November 30, 1971 and not refunded until December 13, 1971.

### III. *Plaintiff Is Not Entitled To a Credit On Its Annual Premium Where Whole Risk Has Attached.*

 Plaintiff was only insured by Defendant for approximately four of the twelve months his premium payment covered yet at any time during the four months the Defendant could have been liable on the whole of the risk. As was noted in Euclid National Bank v. Federal Home Loan Bank Board, 286 F.Supp. 125 (N.D.Ohio, 1966), aff'd 6 Cir., 396 F.2d 950, cert. den., 393 U.S. 846, 89 S. Ct. 130, 21 L.Ed.2d 116, a case based on substantially identical facts as the case here, where the whole liability of risk has attached there is no right to a refund even if part of the premium is "unearned" unless the insured can show that the insurer treats the risk as divisible. The practices of the defendant in regard to the redistribution of premiums in the event of mergers and consolidations is not sufficiently analogous to the facts of the instant case to constitute evidence of a decision by the defendant insurer here to treat the risk as divisible.

Perhaps recognizing the problem in obtaining a refund of part of the premium in this case, the Plaintiff asks that he just be given a "credit" toward his premium due to the FDIC, his new insurer, claiming that to do otherwise would be to require him to pay the same government twice for insuring one risk. This argument would have a great merit if the two government insurance agencies involved were supported with funds from the general tax revenues; however, each is supported by assessments upon its member institutions and appear to be financially independent of each other. (*See,* 1948 U.S.Code Cong. Serv., p. 2317, 1961 U.S.Code Cong. & Admin.News, p. 2611, and 12 U.S.C.A. § 1439). Therefore, absent an agreement to the contrary, the Plaintiff is entitled to no credit or refund on his premium payment.

### IV. CONCLUSION

The Plaintiff's Motion for Summary Judgment must be granted in regard to the claim for interest on its pro rata share of the Secondary Reserve for that part of calendar year 1971 that the share was held by Defendant, and the Motion for Summary Judgment must be denied in regard to Plaintiff's claim for credit on the insurance premium paid Defendant in 1971.