## THE RELIABLE LIFE INSURANCE
## COMPANY *v*. Evelyn B. HARVEY

77-257                                   562 S.W. 2d 601

### Opinion delivered March 20, 1978
### (In Banc)

*Atchley, Russell, Waldrop & Hlavinka,* by: *Michael Stevens,* for appellant.

*Williams & Kemp,* by: *Dennis K. Williams* and *Karlton Kemp, Jr.,* for appellee.

FRANK HOLT, Justice. This case was submitted to the court on stipulated facts and motions by each of the parties for summary judgment. Appellee is the named beneficiary in a life insurance policy, the premium being payable annually, semi-annually, quarterly or monthly. The insured, appellee's deceased husband, paid the premiums annually. Upon his death appellant paid the face amount of the policy and refused to refund pro rata the last annual premium. This action resulted. The trial court granted appellee's motion for summary judgment and awarded her approximately $240 or two-thirds of the last annual premium paid. Appellant contends the court erred because a premium paid on a life insurance policy is non-apportionable and non-refundable, in the

absence of a contractual agreement or statutory authority, once the risk attaches even though the insured dies within the period covered by the premium. We agree.

This appears to be a case of first impression in our state. Here the policy provided that initially it became effective upon payment of the first premium and delivery of the policy to the insured. The policy had been renewed annually for several years. The inception of appellant's liability or the date its risk attached was the date the premium was paid. The general and well settled rule is that "in the absence of statutory or contract provision to the contrary, if a legal risk has once attached or commenced, there can be no apportionment or return afterward of the premium, so far as that particular risk is concerned." Couch on Insurance 2d § 34:9; accord, 43 Am. Jur. 2d Insurance § 629; see also *Tyrie* v. *Fletcher*, 2 Cowp. 666, 98 English Reprint 1297 (1777); *North New York Sav. Bank* v. *Federal S. & L. Ins. Corp.*, 515 F. 2d 1355 (D.C. Cir. 1975); and *Crouch* v. *Southern Surety Co.*, 131 Tenn. 260, 174 S.W. 1116 (1916). In Couch, *supra*, it was also said:

> This rule is based upon just and equitable principles, for the insurer has, by taking upon himself the peril, become entitled to the premium, and although the rule may result in profit to the insurer, it is but a just compensation for the dangers or perils assumed.

Further, here there was a savings to a policy holder by payment of the premium annually instead of monthly, quarterly or semi-annually. Also there was no applicable contractual provision involved as in *Krouner* v. *Companion Life Ins.*, 50 Misc. 2d 894, 271 N.Y.S. 2d 835 (1966) cited by appellee. Therefore, there being no statutory or contractual provision contrary to this general rule of law, the trial court erred in granting appellee's motion for summary judgment. We need not discuss the appellant's other contention for reversal.

Reversed and remanded for proceedings not inconsistent with this opinion.

HARRIS, C.J., and HOWARD, J., dissent.

118

GEORGE HOWARD, JR., Justice, dissenting. I am compelled to dissent from the holding of the majority which reverses and remands this case to the trial court on the premise that "The general and well settled rule is 'that in the absence of statutory or contract provision to the contrary, if a legal risk has attached or commenced, there can be no apportionment or return afterward of the premium, so far as that particular risk is concerned'." A very close scrutiny of the insurance policy involved in this action clearly does not sustain the majority's view and conclusion and consequently, the trial court should be affirmed.

Relevant parts of the insurance policy issued to the decedent by appellant, The Reliable Life Insurance Comaany,[1] provides as follows:

"Premium. This Policy is issued in consideration . . . of the premium, payable as hereinabove stated, . . . . This Policy shall be placed in force upon payment of the first premium and the delivery of this Policy during the lifetime and good health of the Insured and shall be continued by a like payment at the premium intervals, specified above as determined from the Policy Date, in each year during the continuation of the Policy. Premiums shall be paid in advance at the Home Office or to an authorized agent of the Company. The payment of any premium shall not maintain the Policy in force beyond the date when the next payment becomes due, and if any premium be not paid when due, this Policy shall be void and all premiums forfeited to the Company, *except as hereinafter provided.* (Emphasis added)

.   .   .

"Grace in Payment of Premiums. In the payment of any premium under this Policy, except the first, a grace period of thirty-one days without interest will be allowed, during which time the Policy will remain in force, but if the Policy shall become a claim by death within

---

[1]We have held many times that where a contract is involved in litigation, the contract must be strictly construed against the party preparing it. *Foster* v. *Universal C.I.T. Corporation,* 231 Ark. 230, 330 S.W. 2d 288 (1959).

the grace period *the current premium then unpaid shall be deducted from the amount of insurance payable.*" (Emphasis added)

In *Krouner* v. *Companion Life Insurance Company,* 271 N.Y.S. 2d 835, the identical[2] issue was involved as is involved in the instant case, but the conclusion in the case sustains the position of the trial court and consequently, is contra to the position taken by the majority in the instant case.

The Court in *Krouner* in rejecting the same argument advanced by appellant in this case, which the majority has accepted, stated that such argument and, consequently, the position of the majority in this case, cannot be countenanced in view of the language contained in the policy relating to the payment of premiums which was similar to the provisions quoted above. In this regard, the Court, in *Krouner,* specified:

". . . This language flies in the face of the argument of defendant that once a premium payment is made, the company is entitled to retain it, whether the insured dies on the day following the period of payment or on the last day of the period for which the premium payment keeps the policy in force. By this language the defendant itself is construing the policy to mean that upon the death of the insured, there should be a monthly probation of the last premium payment. To be consistent with the construction placed on the language of this policy by the defendant on this motion, the policy should have provided that in the event of death during the grace period, the

---

[2]The followcng is the relevant provision contained in the insurance policy in issue in *Krounder.* Although the language is not identical word for word, the substance of the provision is identical to the provisions contained in the policy involved in the instant case:
". . . 'Premiums': 'All premiums are paid in advance by the assured * * * on or before each premium due date. The payment of any premium shall not maintain the policy in force beyond the due date of the next premium, except to the extent hereinafter provided.'. . . 'A grace period of thirty-one (31) days will be granted for the payment of every premium due after the initial premium during which time this payment shall remain in force * * * If the insured's death occurs within a grace period, a portion of any unpaid premium covering such grace period shall be deducted in determining the death claim proceeds.'"

company would deduct the first semiannual premium payment from the benefits payable under the policy. The provision for the deducting of only one-sixth of the premium where death occurs during the grace period is the only evidence of the actual construction of the policy by the defendant. A construction which would permit the retention of the full semiannual premium even though death occurred during the first month after the premium was paid would certainly be inconsistent with the language of the policy as stated herein. Since no specific provision was made in the policy permitting the retention of such premiums, and in the light of the grace period provision, this court feels compelled to grant the motion of plaintiff.

"It is difficult for this court to condone the practice on the part of the defendant in the drawing of this life insurance contract, and in providing for a division of a premium payment into monthly parts, to the end that said company would be protected from any monetary loss, and yet leave the interests of the assured unprotected to the extent of that portion of the premium to which defendant makes no claim in said policy.

"It is the court's belief that justice, equity and good judgment dictate that plaintiff should not be deprived of the unearned portion of the premium paid on this policy by plaintiff's intestate, on the 6th day of July, 1965."

Although the author of this dissenting opinion has not been able to find a case directly in point, the *obiter dicta* contained in the case of *Smith* v. *John Hancock Mutual Life Insurance Comiany,* 195 Ark. 704 (1938), gives sanction to the reasoning of the court in *Krouner* that requires a refund of premium. In this regard, only that portion of the dicta that relates to the issue involved in quoted:

"The value contended for did exist as of November 11, and at that time a failure to pay the premium, or failure to pay the note and interest, or both, could not void the policy. But the premium payment of August 11 extended the policy not to November 11, but, conditionally, to November 11 *plus 31 days. It is true that if the*

*assured had died within the grace period the company had the right to deduct from any amount due him that proportion of the premium earned between November 11 and the date of death,* but during the period of grace the policy could not be cancelled or converted because of failure to pay the premium on or before November 11."[3] (Emphasis added)

The above provision from *Smith* v. *John Hancock Mutual Life Insurance Company,* supra, is cited for the purpose only to show that we have said that if an insured's death should occur while the insured is in default in the payment of a premium and death occurs during the period of grace, the insurer is permitted to deduct from the proceeds only that portion of the premium earned from the due date of the premium to the date of death. We made that observation even though the decedent's premium was payable annually. John Hancock Mutual Life Insurance Company was not entitled to recover any premium beyond the date of death. *Smith,* therefore, is in harmony with *Krouner* v. *Companion Life Insurance Company, supra.*

In essence, the appellant itself, by the language contained in the grace period provision, construes the policy to mean that upon the death of an insured during the grace period, but in default in the payment of a premium, the appellant is entitled to claim the unpaid premium on a monthly proration even though the decedent is legally covered and Reliable is legally obligated to pay. Reliable Life Insurance Company, the appellant, has a built-in security to protect itself from any monetary loss. While on the other

---

[3]The majority found in its opinion that the premium was payable annually, semi-annually, quarterly or monthly. The majority also found that the decedent paid the premiums annually. The record also reflects that the appellee, beneficiary under the policy, paid to appellant the sum of $368.80, on May 5, 1974, for one year's premium in advance. However, the insured died on September 4, 1974, and consequently, appellee demanded a refund of two-thirds of the alleged unearned premium paid in the sum of $245.86. The majority states that "there was a savings to a policy holder by payment of the premium annually instead of monthly, quarterly or semi-annually." This would have no material bearing in this case inasmuch as it is generally known that there is a savings when a premium is paid annually instead of on a monthly, quarterly or semi-annually basis. The same fringe benefit was afforded to the policy holder in *Krouner,* consequently, this is not relevant to the issue in question.

hand, the insured is afforded no protection or recourse for recovery where a premium is prepaid, as in the instant case, and death results leaving approximately two-thirds of the premium unearned by the insurer. In the absence of a provision in the policy permitting the insurer to retain such premium, and in light of the grace period provision contained in the policy, the unearned premium should be returned to the beneficiary or the estate of the decedent.[4] Not only is this position dictated by good judgment, equity and justice, it is supported by our language quoted above from the case of *Smith* v. *John Hancock Life Insurance Company*, supra. Such a posture is indeed in line with *Krouner* v. *Companion Life Insurance Company*, supra, and requires the affirmance of the holding of the trial court granting the unearned premium to the widow of the decedent.

Finally, inasmuch as the issue in this case is to be determined from a construction or interpretation of the policy prepared by appellant, the majority has misconceived the fundamental issue involved, consequently, the cases cited and relied upon in the majority's opinion are not relevant in the resolution of the issue in question.

HARRIS, C.J., joins in this dissent.

---

[4]*Krouner* v. *Companion Life Insurance Company*, supra, makes it crystal clear that an insurance company can avoid the issue presented in this case by simply putting a provision in the policy expressly stating that unearned premiums are not returnable.