JAMES R. SODA, INC., N.K.A. BELLEVUE CORPORATION, APPELLANT, *v.* UNITED LIBERTY LIFE INSURANCE COMPANY, APPELLEE.

[Cite as James R. Soda, Inc. *v.* United Liberty Life Ins. Co. (1986), 24 Ohio St. 3d 188.]

(No. 85-1202—Decided July 2, 1986.)

*Westenfield & Neuman* and *Douglas J. Neuman,* for appellant.

*Letson, Griffith, Woodall & Lavelle* and *W. Dallas Woodall,* for appellee.

WRIGHT, J. This is a case of first impression in our state. Here the policy provided that it became effective upon payment of the first premium and delivery of the policy to the insured. The insured's employer chose to pay the premium annually. The inception of United's liability or the date its risk attached was the date the premium was paid. The general and well-settled rule is that in the absence of a statutory or contractual provision to the contrary, once an insurer's legal risk has attached, the premium is not apportionable, and the insured is not entitled to a return of any part of the premium paid. 6 Couch on Insurance (2 Ed. 1985) 856, Section 34:9, states, "This rule is based upon just and equitable principles, for the insurer has, by taking upon himself the peril, become entitled to the premium, and although the rule may result in profit to the insurer, it is just compensation for the dangers or perils assumed, besides the danger incurred may be greater in any one moment than during the entire remaining period and it would be difficult, to say the least, to fairly apportion the risk." Accord 43 American Jurisprudence 2d (1982) 951, Insurance, Section 918; *Fleetwood Acres, Inc.* v. *Federal Housing Admin.* (C.A. 2, 1948), 171 F. 2d 440, 442.

The general rule must yield to any statutory or contractual exception. The corporation's claim for return of the "unearned" portion of the annual premium paid to United is not based on any contractual provision. Neither by statute nor by contract is there any authority for refund of a portion of the insurance premium by United. In view of the foregoing, we hold that the corporation is not entitled to a refund of a portion of its annual premium paid to United on July 25, 1983.

United's alternate proposition of law is that a trial court is not authorized under Civ. R. 56 to enter summary judgment in favor of a non-moving party. This proposition is correct. In the instant case, the trial court erroneously awarded the corporation summary judgment even though it had not filed such a motion. This action is contrary to the Rules of Civil Procedure. See *Marshall* v. *Aaron* (1984), 15 Ohio St. 3d 48.

Accordingly, we hold that the trial court erred in granting summary judgment for the corporation and affirm the judgment of the court of appeals.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY and HOLMES, JJ., concur.

LOCHER and C. BROWN, JJ., dissent with opinion.

DOUGLAS, J., dissents.

CLIFFORD F. BROWN, J., dissenting. Today the majority departs from established precedent by interpreting the instant insurance policy strictly in favor of the insurer. I must respectfully dissent.

The real question presented by this appeal is not when the risk of loss attaches, but rather which of the three premium payment options clearly stated in the policy represents the actual earned premium term. No policy provision sheds light on when and for what time period a premium is earned by the insurer. The *only* policy provision regarding payment of premiums states in part: "Premiums *may* be paid annually, semi-annually, or quarterly, at the rates of the Company effective on the Policy Date." (Emphasis added.) It is undisputed that appellant selected and paid the premium based on the annual payment option. But the policy is silent as to appellee's contention that all of the premium paid, irrespective of the payment option selected, is thereby earned by the insurer and nonrefundable.

In the face of this resounding silence, I find it at least equally plausible that an insured's employer which selects the annual premium payment option has merely prepaid for four quarters, and that the premium is thereby

earned on a quarter by quarter basis.[1] Therefore, an insured's employer which has prepaid additional quarters that occur after the date of death of the insured would, where the policy is silent as to earned premium term, be due a refund of additional unearned quarters so paid. Only this result logically flows from the long-established principle of insurance law that "an insurance policy which contains language reasonably susceptible to different interpretations will be given the construction most favorable to the assured." *Great American Mut. Indemn. Co.* v. *Jones* (1924), 111 Ohio St. 84, paragraph one of the syllabus. See, also, extensive citations at 57 Ohio Jurisprudence 3d (1985) 348, Insurance, Section 285.

LOCHER, J., concurs in the foregoing dissenting opinion.

_____

[1] Indeed, by phrasing the syllabus in terms of when the insurer's legal risk attaches, the majority ignores the fact that the premium period on this policy is twenty years. Once the risk of loss has attached, would the majority suggest that under the vague terms of this policy, the insurer could consider deducting the balance of payments which would have been due for the remaining years and for which premiums would eventually become due? I think not, but am thankful that such an issue was not raised herein.