DECISION AND JUDGMENT ENTRY
This is an appeal from a Meigs County Common Pleas Court summary judgment in favor of William Morehouse, plaintiff below and appellee herein.
Appellant Ohio Adult Parole Authority raises the following assignment of error:
 "THE TRIAL COURT ERRED BY SUA SPONTE ENTERING SUMMARY JUDGMENT AGAINST THE DEFENDANTS BECAUSE (1) SUCH RELIEF IS PRECLUDED BY CONTROLLING PRECEDENT, (2) THERE WAS INSUFFICIENT EVIDENCE SUPPORTING THE PLAINTIFF'S CLAIM AND GENUINE QUESTIONS OF FACT EXISTED AND (3) THE DEFENDANTS WERE NOT GIVEN PRIOR NOTICE THAT SUMMARY JUDGMENT MIGHT BE ENTERED AGAINST IT."
In 1973, appellee entered a guilty plea to a murder charge and was sentenced to life in prison. In 1988, appellee was paroled.
In 1991, appellee, while on parole from his prior sentence, was indicted for aggravated attempted murder, kidnapping, and having a weapon while under a disability, as well as a gun specification and an enhancement due to a prior offense of violence. Appellee subsequently entered a guilty plea to felonious assault with a gun specification and was sentenced to six to fifteen years imprisonment to be served consecutively with his reinstated life sentence for the 1973 murder.
At a 1998 parole hearing, the board noted that appellee has "a prior conviction for murder which has very similar circumstances and therefore the Parole Board voted to depart from" the normal parole guidelines. The board voted to require appellee to serve at least 330 months before he would be considered for parole.
On July 31, 2000, appellee filed a complaint for declaratory judgment and requested the trial court to declare that the terms of his plea agreement for the 1991 offense contractually restricted appellant from considering the specific nature of his crime. Appellant filed a Civ.R. 12(B)(6) motion to dismiss. On December 29, 2000, the trial court denied appellant's motion. The trial court, however, sua sponte entered summary judgment in appellee's favor. Appellant filed a timely notice of appeal.
In its sole assignment of error, appellant asserts that the trial court erred by sua sponte entering summary judgment in appellee's favor. We agree.
Generally, "[a] trial court commits prejudicial error if it grants summary judgment sua sponte when neither party has moved for summary judgment." Spradlin v. Collier (Mar. 31, 1998), Scioto App. No. 97 CA 2521, unreported; see, also, Caudill v. A-Best Prods. Co. (Feb. 20, 1996), Scioto App. No. 94 CA 2305, unreported ("The Ohio Supreme Court has consistently held that trial courts may not render summary judgmentssua sponte.") (citing Bowen v. Kil-Kare. Inc. (1992), 63 Ohio St.3d 84,94, 585 N.E.2d 384, 393; James R. Soda, Inc., v. United Liberty LifeIns. Co. (1986), 24 Ohio St.3d 188, 190, 494 N.E.2d 1099, 1100; Marshallv. Aaron (1984), 15 Ohio St.3d 48, 50-51, 472 N.E.2d 335, 338).
Some cases have held that a sua sponte entry of summary judgment may be appropriate in certain instances. For example, in Wilson v. Tucker (Jan. 14, 1997), Ross App. No. 96 CA 2209, unreported, we stated that "while courts should refrain from granting summary judgment to a nonmoving party as a general rule, courts may do so * * * where all relevant evidence is before the court, no genuine issue as to any material fact exists, and the nonmoving party is entitled to judgment as a matter of law." This holding, however, is conditioned upon at least one of the parties moving for summary judgment, thus giving notice to the nonmovants that they must come forward with evidence. When no party has moved for summary judgment, no party has been notified that it must produce evidence to support its claims. Under such circumstances, a trial court, as a general rule, cannot reasonably be certain that "all relevant evidence is before the court." We therefore agree with appellant that the trial court erred by sua sponte entering summary judgment in appellee's favor.
Accordingly, based upon the foregoing reasons, we sustain appellant's assignment of error and reverse and remand the trial court's judgment.
JUDGMENT REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITHTHIS OPINION.
Kline, J. Evans, J.: Concur in Judgment Opinion.