OPINION
{¶ 1} Appellant, Nathan A. Graham ("Graham"), appeals the February 18, 2004 decision of the Common Pleas Court of Hancock County granting summary judgment in favor of defendant Purdy and the remaining defendants.
 {¶ 2} On September 11, 2003, Graham filed a complaint alleging violation of common law copyright, state law claims of invasion of privacy, intrusion, misappropriation of likeness, intentional infliction of emotional distress and infringement/unlawful distribution of common law copyrighted material against defendants Samantha Byerly, Linda Roeber, "John Doe" Roeber, Kathy Emmons, Philip Cramer, Candice Nigh, Kristina Coppler (nka Kristina Purdy), and Scott Wears. Graham sought damages from the defendants for turning over to the Hancock County Prosecutor's Office letters written by Graham.
 {¶ 3} Defendant Kristina Purdy, through her attorney, filed an answer to the complaint on October 24, 2003 denying the allegations. Graham filed motions for default judgment against defendants Kathy Emmons, Samantha Byerly and Scott Wears on October 27, 2003 and a motion for default judgment against defendant Philip Cramer on December 8, 2003. Defendant Candice Nigh filed an answer to the complaint on November 13, 2003 denying the allegations. Graham requested admissions from defendant Byerly on November 19, 2003 and admissions from defendant Nigh on December 8, 2003. On the same day, defendant Purdy filed a motion for summary judgment asserting that Graham had failed to state a cause upon which relief could be granted since common law copyright is not a legal cause of action. Graham filed a memorandum in opposition to the motion for summary judgment on December 12, 2003.
 {¶ 4} On January 13, 2004, the trial court denied Graham's motion for default judgment against defendant Wears, finding that the letter filed by defendant Wears on October 6, 2003 concerning the case constituted an answer. On January 15, 2004, the trial court denied Graham's motion for default judgment against defendant Cramer, finding that defendant Cramer's request for the court to provide him representation in the matter filed on December 15, 2003 constituted a general denial to Graham's allegations. Also on January 15, 2004, the trial court denied Graham's motion for default judgment against defendant Emmons, finding that the request for the court to provide her representation in the matter filed on December 10, 2003 constituted an answer and general denial of Graham's complaint. It does not appear from the record that defendants Linda Roeber and John Doe Roeber were ever served with the complaint. It also does not appear that defendant Byerly ever filed an answer to Graham's complaint and the court did not rule upon Graham's motion for default judgment against defendant Byerly.
 {¶ 5} The trial court granted summary judgment in favor of defendant Purdy and the remaining defendants and dismissed Graham's complaint in its February 18, 2004 decision and order. It is from this decision that Graham now appeals asserting the following five assignments of error.
The trial court erred as a matter of law in determining thatappellant has no rights under common law with regard to hisclaims which were not based upon 17 U.S.C. § 301.
 The trial court erred and abused its discretion by grantingsummary judgment to plaintiffs (sic) who did not move for summaryjudgment.
 The trial court erred and abused its discretion by applyingthe doctrine of res judicata as to remaining defendants.
 The trial court erred in determining that there are nodisputed issues of material fact in this case, where onedefendant denied obtaining personal gain and/or consideration forthe unauthorized publication of the appellant's private writings,and the court, sua sponte, decided as a material fact thatappellant enjoyed no privilege with regard to his writings.
 The trial court erred as a matter of law by treating personalletters written to the court by Defendants Emmons, Kramer (sic)and Wears, unserved (sic) upon plaintiff, as "answers" to thecomplaint and denying default judgment upon proper motiontherefore by appellant.
 {¶ 6} We begin by addressing Graham's first and fourth assignments of error in which Graham argues that the trial court erred in determining that there were no genuine issues of material fact presented in Graham's complaint.
 {¶ 7} The standard for review of a grant of summary judgment is one of de novo review. Lorain Nat'l Bank v. Saratoga Apts.
(1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198. Thus, such a grant will be affirmed only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In addition, "summary judgment shall not be rendered unless it appears * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence construed most strongly in his favor." Id.
 {¶ 8} The moving party may make his motion for summary judgment in his favor "with or without supporting affidavits[.]" Civ.R. 56(B). However, "[a] party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." Mitseff v. Wheeler (1988),38 Ohio St.3d 112, syllabus, 526 N.E.2d 798. Summary judgment should be granted with caution, with a court construing all evidence and deciding any doubt in favor of the nonmovant. Murphy v.Reynoldsburg, 65 Ohio St.3d 356, 360, 1992-Ohio-95,604 N.E.2d 138. Once the moving party demonstrates that he is entitled to summary judgment, the burden then shifts to the non-moving party to show why summary judgment in favor of the moving party should not be granted. See Civ.R. 56(E). In fact, "[i]f he does not so respond, summary judgment, if appropriate, shall be entered against him." Id.
 {¶ 9} In his brief, Graham asserts that he sent private writings in the form of letters to defendants Byerly, Emmons, Cramer and Wears and that these defendants forwarded these letters to public entities from approximately March 1, 1999 through approximately December 31, 2002. Graham further asserts that these defendants forwarded the letters, misrepresenting the contents thereof, for the purpose of causing injury to Graham and in exchange for their own personal gain of avoiding prosecution or obtaining leniency on criminal charges. Graham asserts that defendants Linda and John Doe Roeber helped convey the letters to the prosecutor's office. Defendants Nigh and Purdy are not listed as appellees in the appeal. None of the appellees have filed a brief with this court.
 {¶ 10} In his first assignment of error, Graham contends that he is entitled to protection under common law copyright regarding the subject letters. It is important to note that none of the letters in question were ever produced by Graham or by any of the defendants. Graham claims that the letters are in the possession of the Hancock County Prosecutor's Office and were not produced by the office even when a subpoena for such production was served upon the county prosecutor. It seems clear to this court that such letters are not necessary to dispose of the claims raised by Graham since Graham has never asserted that he has taken any steps to copyright his material.
 {¶ 11} While an author of letters is entitled to a copyright in the letters, he must obtain a copyright before he can claim copyright protection. See Title 17 of U.S.C.; Salinger v. RandomHouse, Inc. (C.A. 2, 1987), 811 F.2d 90. Prior to 1978, unpublished letters were protected by common law copyright, but the 1976 Copyright Act now preempts the common law of copyright.17 U.S.C. § 301. This Act brought unpublished works under the protection of federal copyright law, which includes the right of first publication, a right claimed by Graham in his complaint.17 U.S.C. § 301(a) and 17 U.S.C. § 106(3). A copyright owner owns the literary property rights in the material, including the right to complain of infringing copying. Salinger, 811 F.2d at 94. Not having a copyright in the material precludes Graham from asserting a copyright interest in the letters he sent to the defendants. Therefore, the trial court correctly determined that Graham had no rights under common law copyright with regard to his claims. Graham's first assignment of error is accordingly overruled.
 {¶ 12} In his fourth assignment of error, Graham argues that material facts were disputed with regard to whether the defendants received personal gain or consideration from the prosecutor's office by turning over the letters written by Graham. Graham also argues that the trial court made the factual determination, sua sponte, that Graham did not have any privileges or property interest in his letters, which was a determination reserved for a jury. As we noted above, the determination that Graham did not posses any privileges or property interest in his letters was a legal determination which the trial court had the authority to make in reviewing the motion for summary judgment before the court. We now review whether any genuine issues of material facts existed with regard to Graham's assertion that the defendants received consideration in exchange for the letters.
 {¶ 13} Private citizens are qualifiedly privileged to give information to proper governmental authorities for the prevention or detection of crime. Paramount Supply Co. v. Sherlin Corp.
(1984), 16 Ohio App.3d 176, paragraph two of the syllabus,475 N.E.2d 197. The facts in the record reveal that the defendants provided the letters written by Graham to the prosecutor's office in connection with criminal charges against Graham, as well as some of the other defendants. Graham contends that the defendants received some consideration for producing the letters in the form of leniency by the prosecutor's office. Graham did not present any evidence of such leniency by the prosecutor's office and at least one defendant denies such leniency. Graham asserts that the conflicting assertions create a genuine issue of material facts.
 {¶ 14} We fail to see that Graham has asserted any claim for relief for which there exists a genuine issue of material fact. Regardless of whether the prosecutor's office was more lenient in charging some of the defendants than in charging Graham, it does not change the fact that Graham did not have a copyright or property interest in the letters at issue. Further, the defendants possessed qualified immunity in providing information to a law enforcement agency which is believed to be evidence of a crime. At least one defendant informed the court that the reason for which the letters were given to the prosecutor's office was the threats made by Graham in the letters. Graham has not asserted any other reason for which the letters were given to the prosecutor's office. Graham has, therefore, failed to demonstrate that a genuine issue of material fact exists with regard to this claim. Accordingly, the fourth assignment of error is overruled.
 {¶ 15} In his second and fifth assignments of error, Graham asserts procedural errors on the part of the trial court. In the second assignment of error, Graham argues that the trial court was not authorized to grant summary judgment in favor defendants who did not move for summary judgment. In the fifth assignment of error, Graham argues that the trial court erred in treating letters written to the court by several defendants as answers and denying Graham's motion for default judgment against such defendants.
 {¶ 16} Graham asserts that Civ.R. 56 does not specifically authorize a trial court to grant summary judgment in favor of a nonmoving party. Generally, this proposition of law is correct. See James R. Soda, Inc. v. United Liberty Life Ins. Co. (1986),24 Ohio St.3d 188, 494 N.E.2d 1099; Marshall v. Aaron (1984),15 Ohio St.3d 48, 472 N.E.2d 335. However, the Ohio Supreme Court has held that where the facts in a case are not contested, there is no issue of fact and a settlement of the legal questions will be determinative of the dispute, a court can enter summary judgment in favor of a nonmoving party. State ex rel. CuyahogaCty. Hosp. v. Ohio Bur. Of Workers' Comp. (1986),27 Ohio St.3d 25, 28, 500 N.E.2d 1370. A party's due process rights are not prejudiced by the court's grant of summary judgment "where all relevant evidence is before the court, no genuine issue as to any material fact exists, and the non-moving party is entitled to judgment as a matter of law." Id., citing Houk v. Ross (1973),34 Ohio St.2d 77, paragraph one of the syllabus, 296 N.E.2d 266.
 {¶ 17} Since Graham's complaint asserted the same causes of action against each of the defendants and the causes of action arose from the same set of facts concerning each of the defendants, we conclude that all of the evidence was before the court at the time summary judgment was entered against Graham. Graham was not prejudiced by the court's entry of summary judgment in favor of nonmoving parties since there were no genuine issues of material fact and the nonmoving parties were entitled to the judgment as a matter of law. Accordingly, Graham's second assignment of error is overruled.
 {¶ 18} Graham also asserts that it was improper for the trial court to treat letters from several defendants as answers to Graham's complaint for purposes of denying default judgment against the defendants. Civ.R. 55, which governs default judgments, provides in relevant part: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the partyentitled to a judgment by default shall apply in writing or orally to the court therefor * * *." (emphasis added.) The trial court found that defendants Emmons, Cramer and Wears had appeared in the matter by their letters to the court in reference to the case. Even though the letters were not in compliance with Civil Rules of Procedure governing answers, the trial court determined that the defendants had not failed to defend against the complaint. Since these defendants technically filed out of compliance with the rules, and defendant Byerly failed to appear in any manner, these defendants were subject to a motion for default judgment. However, a default judgment will be entered in favor of a party who is entitled to the judgment. If a complaint fails to state a cause of action upon which relief can be granted, the court is not required to enter a default judgment in favor of the plaintiff, as he would not be entitled to such relief. Such is the situation in this case. As we determined above, Graham failed to state a claim upon which relief can be granted and he is not entitled to judgment in his favor. Accordingly, Graham's fifth assignment of error is overruled.
 {¶ 19} Finally, in his third assignment of error, Graham argues that the trial court erred in applying the doctrine of res judicata with regard to the remaining defendants. While the doctrine of res judicata was not appropriately applied in the situation present in this case, the legal concept behind the doctrine is applicable. Since Graham asserted identical claims against each of the defendants and those claims were found by the trial court to have no merit, judgment in favor of all of the appellees was appropriate under the circumstances. The trial court's reliance on the doctrine of res judicata was unnecessary since the court's decision granting summary judgment in favor of all the defendants was supported on other grounds. Accordingly, Graham's third assignment of error is overruled.
 {¶ 20} Having found no merit with Graham's assignments of error, the judgment of the Common Pleas Court of Hancock County is affirmed.
Judgment affirmed.
Shaw, P.J., and Rogers, J., concur.