OPINION
{¶ 1} This is an accelerated appeal by plaintiff-appellant, Norman Whiteside, of the decision of the Madison County Court of Common Pleas dismissing appellant's defamation action for failure to state a claim for which relief can be granted.
 {¶ 2} In his complaint, appellant, a prisoner at Madison Correctional Institution, alleged that defendant-appellee, Thomas Williams, a fellow prisoner, "maliciously told third parties that * * * [appellant] was involved in racist activity designed to disrupt and/or to *Page 2 
prevent Black History Month activities." Appellant alleged that Williams' statements were false, and that defendants-appellees, William Nelson and Michael Sheets, also fellow prisoners, further published Williams' statements, knowing they were false.
 {¶ 3} Appellant raises four assignments of error. In his third assignment of error, which we will address first, appellant argues that the common pleas court erroneously applied Ohio law regarding defamation and Civ.R. 12(B)(6). According to appellant, his complaint stated a claim for defamation.
 {¶ 4} There are two types of defamation claims: defamation per se and defamation per quod. Defamation per se occurs when a statement is defamatory on its face; defamation per quod occurs when a statement is defamatory through interpretation or innuendo. Whiteside v. UnitedParamount Network, Madison App. No. CA2003-02-008, 2004-Ohio-800, ¶ 14. When a complaint alleges defamation per se, damages are presumed; when a complaint alleges defamation per quod, the complaint must allege special damages. Williams v. Gannett Satellite Information Network, Inc.,162 Ohio App.3d 596, 2005-Ohio-4141, ¶ 7.
 {¶ 5} In order for a statement to constitute defamation per se, it must "consist of words which import an indictable criminal offense involving moral turpitude or infamous punishment, impute[ ] some loathsome or contagious disease which excludes one from society or tend[ ] to injure one in his trade or occupation." Heidel v. Amburgy, Warren App. No. CA2002-09-092, 2003-Ohio-3073, ¶ 30, citing McCartney v.Oblates of St. Francis de Sales (1992), 80 Ohio App.3d 345, 353.
 {¶ 6} We find no error in the common pleas court's determination that appellant's complaint did not state a claim for defamation per se. The complaint did not allege that the statements imported an indictable criminal offense involving moral turpitude or infamous punishment, or that the statements imputed a loathsome or contagious disease that excludes *Page 3 
one from society. The complaint did allege that the statements "affected * * * [appellant] in his profession as a musician who relies on music for therapy and as a future livelihood." However, the alleged defamatory statements, as described in the complaint, related to appellant's character and not to his competence or ability as a musician. As such, the statements were not actionable. See, generally, 35 Ohio Jurisprudence 3d (2002) 461, Defamation and Privacy, section 35. Further, appellant was a prisoner and not employed as a professional musician at the time of the alleged statements, rendering suspect the argument that the statements tended to injure appellant in his trade or occupation.
 {¶ 7} Because the alleged statements did not constitute defamation per se and could only have constituted defamation per quod, appellant was required to allege special damages. Appellant did allege, in conclusory fashion, that he suffered special damages as a result of the defendants' conduct. However, there is no indication in the complaint that appellant could have possibly suffered special damages, which have been described as an actual, temporal loss of something having economic or pecuniary value. See, generally, 2 Smolla, Law of Defamation (2 Ed.2003), 7-3, Section 7:2. Further, appellant did not comply with Civ.R. 9(G), which states that "[w]hen items of special damage are claimed, they shall be specifically stated." See Wheeler v. Yocum (Mar. 25, 1986), Franklin App. No. 85AP-828 (applying Civ.R. 9(G) in defamation context).
 {¶ 8} Accordingly, because appellant did not adequately plead special damages, we find no error by the common pleas court in determining that appellant did not state a claim for defamation per quod. Because appellant did not state a claim for defamation per se or per quod, we overrule appellant's third assignment of error.
 {¶ 9} In appellant's first assignment of error, he argues that the common pleas court erred by dismissing his defamation action as to all pro se defendants based on the motion to dismiss of only one of the defendants, Williams. *Page 4 
 {¶ 10} We overrule appellant's first assignment of error. As appellant asserts, Williams, who is not an attorney, did not have the authority to bring a motion to dismiss on behalf of his pro se co-defendants. Nevertheless, the common pleas court did have the authority to sua sponte dismiss appellant's complaint as to all the defendants for failure to state a claim if appellant obviously could not prevail based on the facts alleged in the complaint. See State ex rel. Bruggeman v.Ingraham, 87 Ohio St.3d 230, 231, 1999-Ohio-27. Because appellant obviously could not prevail based on the facts alleged in the complaint, we find no error by the common pleas court in dismissing the action.
 {¶ 11} In his second assignment of error, appellant argues that the common pleas court erred in denying his motion for default judgment as to defendant Sheets when Sheets never filed an answer.
 {¶ 12} We overrule appellant's second assignment of error. When a complaint fails to state a claim for which relief can be granted, it is not error for a trial court to deny a motion for default judgment.Graham v. Byerly, Hancock App. No. 5-04-09, 2004-Ohio-4530, ¶ 18;Morgan v. Chamberlin (Oct. 13, 2000), Clark App. No. 00CA0017. Because appellant's complaint did not state a claim for which relief could be granted, the common pleas court did not err in denying appellant's motion for default judgment as to Sheets.
 {¶ 13} In his fourth assignment of error, appellant argues that the common pleas court erred in considering matters outside the pleadings. Appellant also argues that the court erred by not permitting appellant to respond to Williams' motion to dismiss.
 {¶ 14} We overrule appellant's fourth assignment of error. The record does not indicate, as appellant contends, that the common pleas court considered matters outside the pleadings in deciding to dismiss the complaint. In support of his argument that the court erred by not permitting a response to Williams' motion, appellant cites no authority. As previously noted, the court had the authority to sua sponte dismiss the complaint because *Page 5 
appellant obviously could not prevail based on the facts alleged.State ex rel. Bruggeman, 87 Ohio St.3d at 231. In those circumstances, we do not find that the court was required to give appellant notice or to wait for a response from appellant before dismissing the complaint. See State ex rel. Fogle v. Steiner, 74 Ohio St.3d 158, 161,1995-Ohio-278. (Sua sponte dismissal without notice is appropriate where the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint.)
 {¶ 15} Having overruled appellant's four assignments of error, we affirm the judgment of the common pleas court.
 YOUNG, P.J. and WALSH, J., concur. *Page 1